■ AGNES A. FORAN et al., Respondents, v. MARSH & McLENNAN, INC., et al., Defendants, and W. J. BARNEY, INC., Appellant.— Order entered April 12, 1967 denying defendant W. J. Barney's motion for summary judgment, reversed, on the law, with $50 costs and disbursements to defendant-appellant and the motion is granted. The record does not show any act of negligence which can be traced to defendant Barney, or to anyone for whom it is responsible. In the highly speculative affidavit of plaintiffs' expert it is asserted that a defective fusible plug was the cause of the boiler explosion. However, there is no evidence that a fusible plug was present at all in 1962. Indeed, there is nothing to show that a fusible plug was installed in 1955, when the boiler was first delivered. Assuming, however, that there was a plug present in 1962, and even assuming it was defective, there is nothing in the record to establish that it was the same plug that might first have been installed in 1955. Therefore, the plaintiffs do not point to any issue which could establish negligence on the part of the defendant Barney. Furthermore, even if such plug were the cause of the accident, this defendant, who was the general contractor, would not be responsible to third parties for the independent negligent acts of the subcontractors, since it retained only general supervisory powers over the subcontractors. (*Moore* v. *Charles T. Wills, Inc.*, 250 N. Y. 426.) We also note that in other actions arising out of the same events, defendant Barney's motions for summary judgment have been granted

and the complaints in those actions were dismissed as against it. (*Sorbaro* v. *City of New York*, N. Y. L. J., April 18, 1966, p. 17, col. 8, app. dsmd. Nov. 22, 1966; *Barone* v. *City of New York*, N. Y. L. J., April 3, 1967, p. 18, col. 2.) We feel that those cases were correctly decided. Concur — Stevens, J. P., Eager, Tilzer and Rabin, JJ.; Steuer, J., concurs in the following memorandum: I concur in the foregoing memorandum but would like to state an additional ground. Before accepting the boiler shell, the moving defendant required its subcontractor to have it inspected by a well known firm specializing in just such inspections, and to submit a certificate of such inspection. This was done. Even if it be assumed that defendant owed a duty of care in regard to the boiler, the facts show that duty was discharged. To require anything further would extend the obligation to use reasonable care to make defendant an insurer.