■ JOHN QUADROZZI et al., Appellants-Respondents, v NORCEM, INC., Respondent-Appellant.—In an action to recover damages, *inter alia,* for assault and battery and negligent supervision on the theory of respondeat superior, (1) the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (McGinity, J.), dated May 3, 1985, which, upon a jury verdict in favor of the defendant Norcem, Inc. (hereinafter Norcem), dismissed the complaint, and (2) the defendant cross-appeals from so much of the same judgment, as, in effect, granted the plaintiffs' motion to amend their complaint to add a cause of action for negligent supervision.

Ordered that the cross appeal is dismissed, on the ground that the defendant is not aggrieved by the judgment since it dismissed the plaintiffs' complaint *(see,* CPLR 5511); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The following evidence was adduced at the bifurcated trial of the plaintiffs' causes of action against the defendant Norcem under the theory of respondeat superior. On July 8, 1980,

Michael Caiati, who was employed by Norcem as a cement truck driver, delivered a load of cement to the plaintiff John Quadrozzi's concrete manufacturing plant in Nassau County. Michael Caiati was accompanied by his 18-year-old son "John" who was working with Norcem's consent as a 30-day unpaid trainee. After the load was delivered, "John" went to the dispatcher's office to have the delivery ticket signed. While there, he became involved in a dispute with John Quadrozzi during which profanities were exchanged and Quadrozzi ordered John to leave and not to come back. John Quadrozzi testified that in effect his telling "John" that he could not return to the plant meant that "John" was going to lose his job.

After "John" left and returned to the truck, which was driven off the premises, he apparently discussed the dispute with his father who told him to "do what you have to do. You're a man now". "John" then beckoned to Quadrozzi from the street to come out to him.

Quadrozzi had watched the Norcem cement truck leave the plant and cross the street. About 15 to 30 minutes later he noticed "John" beckoning to him. Quadrozzi first sent an employee out to find out what "John" wanted and some 15 minutes later, went outside himself. As Quadrozzi crossed the street he said to "John, do you have a problem?" or "What is your problem?". Immediately thereafter, Quadrozzi was assaulted by "John".

The plaintiffs commenced the instant action naming Norcem, Michael Caiati and "John" Caiati as defendants. The action against the Caiatis was severed.

Both Quadrozzi and Norcem representatives testified that during Michael Caiati's employment for Norcem, encompassing some nine years, there had been no complaints registered against him. "John" had been a trainee for 10 to 12 days prior to July 8, 1980, without any complaints having been lodged against him, either.

After both sides rested the plaintiffs moved for judgment as a matter of law pursuant to CPLR 4401 and the court denied the motion. Thereafter, the jury, answering written interrogatories, found that neither Michael nor "John" Caiati was acting within the scope of his employment at the time of the assault upon Quadrozzi although they found that Michael Caiati was negligent in failing to properly supervise his son. After the verdict was rendered the plaintiffs again moved for judgment as a matter of law or to vacate the verdict as

contrary to the weight of the evidence pursuant to CPLR 4404. The trial court denied this motion as well.

On this appeal, the plaintiffs contend, *inter alia,* that the court improperly denied their motions for judgment as a matter of law. We do not agree.

The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his servant while acting within the scope of employment *(Riviello v Waldron,* 47 NY2d 297, 302). Intentional torts as well as negligent acts may fall within the scope of employment. In either situation, the *employer* need not have foreseen the precise act or the exact manner of injury so long as the general type of conduct may have been reasonably expected, i.e., general foreseeability exists *(see, Riviello v Waldron, supra,* at p 304). Because the determination of whether a particular act was within the scope of the servant's employment is so heavily dependent on factual considerations, the question is ordinarily one for the jury *(Riviello v Waldron, supra,* at p 303).

In this case, the plaintiffs proceeded on theories of both intentional tort and negligence in seeking to impute the conduct of Michael and "John" Caiati to Norcem. In considering the plaintiffs' motion for judgment as a matter of law after both sides rested *(see,* CPLR 4401) the court was required to view the evidence in the light most favorable to Norcem, resolve all questions of credibility in Norcem's favor and find that by no rational process could the jury base a finding in favor of Norcem upon the evidence presented *(see, Lipsius v White,* 91 AD2d 271, 276-277). We find that the court properly denied the motion upon the evidence presented in this case.

We further find that the court acted properly in denying the plaintiffs' second motion for judgment as a matter of law, or to vacate the verdict as contrary to the weight of the evidence *(see,* CPLR 4404) as it cannot be said that the jury in this case could not have reached the verdict it did on any fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129, 134).

We have considered the remaining contentions raised by the plaintiffs and find them to be without merit. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.