■ CHRISTOPHER DEL SIGNORE et al., Respondents, v PYRAMID SECURITY SERVICES, INC., et al., Defendants, and SARATOGA PERFORMING ARTS CENTER, INC., Appellant.—Weiss, J. Appeal from an order of the Supreme Court (Connor, J.), entered October 26, 1987 in Columbia County, which denied a motion by defendant Saratoga Performing Arts Center, Inc., for summary judgment dismissing the complaint against it.

Plaintiffs, who are brother and sister, commenced this action to recover damages for injuries sustained at a concert on August 14, 1984 on premises owned by defendant Saratoga Performing Arts Center, Inc. (hereinafter SPAC). The pleadings indicate that plaintiff Claire Del Signore left the concert area at the main gate, with permission from several security guards, to look for a companion. Plaintiff Christopher Del Signore waited for her inside the gate and Claire returned minutes later. As the two proceeded back to the concert, they were physically assaulted by defendant John Verro, an em-

ployee of defendant Pyramid Security Services, Inc. (hereinafter Pyramid). The complaint, as expanded by the bill of particulars, predicates SPAC's negligence on a failure to supervise and avoid such an unprovoked and wanton assault despite notice of prior disturbances by Pyramid personnel. Following depositions, SPAC moved for summary judgment on the premise that Pyramid, as an independent contractor, was solely responsible for the acts of its employees. Supreme Court denied the motion, finding that a triable issue of fact existed as to whether SPAC was negligent in hiring Pyramid to provide the required security. SPAC has appealed.

We reverse. Initially, we observe that the record substantiates Supreme Court's characterization of Pyramid as an independent contractor. The depositions of both Frank Carlucci, SPAC's operations manager, and Eugene Cole, president of Pyramid, establish that Pyramid provided security pursuant to a written contract, with Pyramid retaining control over the manner of performance.

Generally, an employer is not liable for the torts of an independent contractor or an employee thereof (see, 3 NY Jur 2d, Agency, § 342, at 164; cf., Annotation, 38 ALR3d 1332, §§ 2, 4). An exception exists where the employer engages an unqualified or careless contractor or, when on notice of deficient performance, fails to prevent the continuance of such negligence (see, 3 NY Jur 2d, Agency, § 343, at 168-169). SPAC maintains that there is no evidence to establish any negligence on its part in hiring Pyramid and, in any event, that plaintiffs failed to raise this theory in their pleadings. We agree that there is no indication that SPAC was negligent in contractually engaging Pyramid's services in the first instance. The further question, which is viably presented in the pleadings, is whether SPAC was placed on notice of improper performance by Pyramid personnel and yet failed to take corrective measures (see, 3 NY Jur 2d, Agency, § 343, at 168).

Supreme Court based its decision on the combined testimony of Carlucci, that it was likely that Pyramid guards utilized force on concert patrons, and Cole, that prior lawsuits had been commenced against Pyramid based on assaults by their employees. Reviewing these depositions in context, however, we find no basis to substantiate that SPAC was on notice of improper conduct by Pyramid personnel by virtue of prior disturbances at the concert facility. Carlucci indicated that it was "possible" SPAC was a party to an assault-based lawsuit, but with no correlation to Pyramid. Similarly, Cole acknowledged that Pyramid had been named in assault suits prior to

August 14, 1984, but with no connection to SPAC. When asked whether any previous incidents occurred on SPAC's property where "individuals were struck or in any way detained physically by" Pyramid guards, Carlucci initially responded "I would assume so", but then stated, "No, I don't know." This statement does not factually substantiate negligence on SPAC's part in failing to supervise Pyramid's security procedures or otherwise implement enforcement guidelines.

Even according plaintiffs the benefit of every favorable inference, we find no evidence that SPAC was on notice of Verro's assaultive nature or that Pyramid personnel were utilizing undue force prior to the subject assault. The fact that SPAC participated in determining how many security guards would be needed at a particular concert and pursued a noreentry policy at this concert may indicate control over the results to be achieved, but does not establish active participation in the manner of performance. Nor do we agree with plaintiffs' assertion that the services provided were so specialized or hazardous as to impose a nondelegable duty on SPAC to ensure proper performance by Pyramid. Accordingly, we conclude that SPAC was entitled to summary judgment dismissing the complaint against it.

Order reversed, on the law, without costs, motion granted and complaint dismissed against defendant Saratoga Performing Arts Center, Inc. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.