(May 11, 1989)

■ JAMES WRIGHT, Appellant, v ESPLANADE GARDENS, Respondent, et al., Defendant. (And Two Third-Party Actions.)— Order of the Supreme Court, Bronx County (Anita Florio, J.), entered January 14, 1988, which granted defendant Esplanade Gardens' motion for summary judgment dismissing the complaint, is reversed, on the law, and the motion denied, without costs or disbursements.

Plaintiff sustained a fractured leg when struck by a golf

cart driven by an employee of third-party defendant City Security Guards, Inc. City Security had been hired by defendant Esplanade Gardens to maintain security on the premises, and the sidewalk where the accident occurred was owned by Esplanade. The IAS court granted defendant Esplanade summary judgment upon the grounds that defendant did not control the manner of the work performance and thus was not responsible for the tort of its independent contractor, City Security.

The general rule is that the employer of an independent contractor is not liable for injury caused to a third party by an act or omission of the independent contractor or its employees (see, Berg v Parsons, 156 NY 109). The principle underlying this rule is that, in the case of an independent contractor, the employer has no control over the manner in which the work is performed and should, therefore, not be responsible for its negligent performance (Restatement [Second] of Torts § 409). However, there are a number of exceptions to this general rule, among which are situations where there has been the employment of an incompetent contractor or interference by the employer with the contractor's work (see, 3 NY Jur 2d, Agency and Independent Contractors, § 343 et seq.). The mere retention of general supervisory powers over the acts of the independent contractor will not impose liability (Foran v March & McLennan, 29 AD2d 857). However, if the employer assumes control of the details of the work or some part of it, then the general rule will not apply and the employer may himself be liable (see, Matter of Morton, 284 NY 167, 172).

Likewise, the employer may be liable for a dangerous condition created negligently by the independent contractor if the employer had actual or constructive notice of the existence or creation of the dangerous condition (see, Schwartz v Merola Bros. Constr. Corp., 290 NY 145, 152).

In opposition to the motion by defendant Esplanade, the plaintiff submitted deposition testimony by the operations manager of City Security indicating that Esplanade actually directed City Security to drive golf carts upon the walkways of its premises, including the specific location of the accident. This, in itself, may have created an issue of fact as to whether Esplanade exercised control and direction over City Security. Further, however, plaintiff requested a deposition, pursuant to CPLR 3212 (f), of Gregory Hecht, the manager of Esplanade Gardens, with respect to whether such explicit instructions

were given to City Security as to the manner and operation of the golf carts on the sidewalks of the premises.

Additionally, while the court relied upon the contract between Esplanade and City Security for its finding that City Security was an independent contractor, the plaintiff sought to discover a proposal for services made by Esplanade, incorporated into the contract by reference, and the rules and regulations of Esplanade Gardens which the contract bound City Security to observe, asserting in opposition to the motion for summary judgment that the proposal and rules might also show control by Esplanade over City Security's work performance. These documents and the deposition of Hecht sought by plaintiff would "appear" to demonstrate "that facts essential to justify opposition may exist" (CPLR 3212 [f]) and, accordingly, the IAS court should have denied the motion for summary judgment or ordered a continuance for such disclosure. Concur—Asch, Milonas, Ellerin and Wallach, JJ.

Murphy, P. J., dissents in a memorandum as follows: The majority memorandum correctly states the general rule that an employer of an independent contractor is not ordinarily liable for the independent contractor's negligence. Also correctly stated are two exceptions to this rule, namely, where the employer assumes control over the details of the work, and where the employer has notice of a dangerous condition upon his property caused by the independent contractor. I am, however, unable to agree that there exists any triable issue as to whether the present employer, Esplanade Gardens, has by its conduct rendered itself vulnerable to the application of these or any other exceptions to the aforementioned general rule.

There is no evidence that Esplanade exerted any direct control over the manner in which City Security performed its contractual obligation to patrol the premises. That Esplanade instructed City Security to use golf carts upon the walkways of its premises amounts to no more than general supervision of the contract's performance, something for which Esplanade ought not to incur liability. Esplanade did little more than ask that its contract with City Security be performed according to its terms. Surely such a request is not sufficiently indicative of control over the details of the work to render Esplanade liable for City Security's negligence.

The claim is also made that even if Esplanade did not assume more than general supervisory powers over City Security's performance, it did direct City Security to do something dangerous, thereby placing pedestrians upon its property at

risk. I can, however, see nothing inherently dangerous in the operation of golf carts upon walkways. The risk, to the extent that there was one, arose not from the nature of the activity but from the degree of care with which it was performed.

There is every indication that City Security, pursuant to the terms of its contract with Esplanade, assumed complete control over and responsibility for the personnel and equipment involved in the accident giving rise to this action. The golf cart which struck the plaintiff was owned and maintained by City Security, and its driver had been hired, trained and supervised by City Security. If there was a failure to observe reasonable standards of care, the failure was City Security's own, and may not be fairly imputed to Esplanade. It is precisely in such circumstances that the general rule of nonliability for employers of independent contractors should apply.

I also disagree with the majority's conclusion that summary judgment ought to have been denied pursuant to CPLR 3212 (f) because "facts essential to justify opposition may exist". This action was commenced in April 1985. There has since been extensive discovery, including six depositions. The plaintiff has had more than adequate opportunity to obtain the materials referred to in the majority memorandum. Indeed, the existence of these materials was evident from the face of Esplanade's contract with City Security, which document has been in plaintiff's possession for some time. Moreover, there is little basis to suppose that these lately requested documents will in fact "justify opposition" since the contract itself indicates with unmistakable clarity that City Security was to perform its obligations thereunder as an independent contractor. If the relationship between Esplanade and City Security was different in practice from what had been agreed to, that is something plaintiff has completely failed to show. In light of the foregoing, I cannot agree with the majority that it was an abuse of discretion for the motion court to refuse to permit further discovery pursuant to CPLR 3212 (f) *(see, e.g., Silinsky v State-Wide Ins. Co.,* 30 AD2d 1, 5-6; *English Wholesale Grocery Co. v Plaza Super,* 73 AD2d 759; *Moxon v Barbour,* 106 AD2d 558).

Accordingly, the order of the Supreme Court, which granted defendant Esplanade Gardens' motion for summary judgment dismissing the complaint, should be affirmed.