■ YOUNG BAI CHOI et al., Respondents, v D & D NOVELTIES, INC., Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the defendant D & D Novelties, Inc., appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Nassau County (Robbins, J.), entered July 7, 1988, as, upon a jury verdict, adjudged that the defendant Joseph McGregor was acting within the scope of his employment when he injured the plaintiff Young Bai Choi.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

The plaintiff Young Bai Choi was injured when he was struck with a snow shovel by Joseph McGregor, an employee of the defendant D & D Novelties, Inc., outside of Young Bai Choi's grocery store. The evidence established that McGregor was shoveling snow out from under his car onto the sidewalk in front of the store. When Young Bai Choi learned that this was happening, he came out of his store and asked McGregor to stop. An altercation then ensued. McGregor testified that the blow was accidental. There was other evidence that McGregor intentionally struck Young Bai Choi. The evidence also established that McGregor was shoveling snow from under his car so that he could pick up mail essential to his employer's mail-order business from a distant post office.

An employer is liable, under the doctrine of respondeat superior, for a tort committed by his servant while acting within the scope of his employment (see, Mott v Consumers' Ice Co., 73 NY 543). Intentional torts as well as negligent acts may fall within the scope of employment. In either situation, the employer need not have foreseen the precise act or the exact manner of injury so long as the general type of conduct may have been reasonably expected (see, Riviello v Waldron, 47 NY2d 297; Quadrozzi v Norcem, 125 AD2d 559). Because the determination of whether a particular act was within the scope of the servant's employment is so heavily dependent on factual considerations, the question is ordinarily one for the jury (see, Riviello v Waldron, supra, at 303). Since there were factual issues as to the circumstances of how the blow was struck, it was not error for the trial court to submit the issue to the jury. The jury's verdict was not against the weight of the evidence (see, Nicastro v Park, 113 AD2d 129).

We also find that it was not error for the trial court to deny the request of D & D Novelties, Inc., to charge that its employee's plea of guilty to assault in the third degree constituted an admission and conclusive evidence that the employee intentionally assaulted the plaintiff Young Bai Choi. Identity of parties, an essential element for application of the doctrine of issue preclusion or collateral estoppel, was lacking here (see, S.T. Grand, Inc. v City of New York, 32 NY2d 300; Brown v City of New York, 60 NY2d 897). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.