■ DEBRA L. KORMANYOS et al., Individually and as Parents and Natural Guardians of STEVEN KORMANYOS, an Infant, Appellants, v CHAMPLAIN VALLEY FEDERAL SAVINGS AND LOAN

ASSOCIATION OF PLATTSBURGH et al., Respondents.—Harvey, J. Appeals (1) from two orders of the Supreme Court (Plumadore, J.), entered April 3, 1991 in Franklin County, which granted defendants' motions for, *inter alia,* summary judgment dismissing the complaint, and (2) from the judgments entered thereon.

On August 7, 1987 Steven Kormanyos, Jr. (hereinafter the infant), then 13 years old, was injured when his bicycle skidded out of control upon hitting a patch of sand and gravel that allegedly partially obstructed a paved sidewalk in Franklin County owned by the Malone Central School District (hereinafter the School), which is not a party in this action. The sidewalk, which has apparently existed in one form or another for decades, connected two noncontiguous parcels of real property owned by defendant St. Joseph's Roman Catholic Church of Malone (hereinafter the Church). Apparently, the Church had no formal rights or easements with respect to the sidewalk and the School allowed it to be used by the Church as a courtesy. The infant had admittedly successfully negotiated this sidewalk on many previous occasions with his bicycle and the sidewalk was apparently a well-known community shortcut. Following the accident, plaintiffs commenced this suit individually and on the infant's behalf against the Church and defendant Champlain Valley Federal Savings and Loan Association of Plattsburgh (hereinafter the Bank).

Liability against the Church was premised upon a theory that, although the Church does not own the sidewalk, it is liable because it was allegedly constructed for its special benefit. Plaintiffs' claim against the Bank stems from the Bank's role in hiring an independent contractor to repave and widen the sidewalk approximately two years before the infant's fall. This work was part of certain services the Bank agreed to perform in exchange for a right-of-way across a Church parking lot. After issue was joined, the Bank and the Church separately moved for summary judgment dismissing the complaint and all cross claims against them. Supreme Court granted both motions and this appeal by plaintiffs followed.

We affirm. Initially, regarding the Bank's motion for summary judgment, we agree with Supreme Court in its finding based on the undisputed proof that the Bank hired an independent contractor to repave the subject sidewalk. It is a well-settled rule that "the employer of an independent contractor is [generally] not liable for injury caused to a third party by an act or omission of the independent contractor or its em-

ployees" *(Wright v Esplanade Gardens,* 150 AD2d 197, 198; *see,* Restatement [Second] of Torts § 409). Although there are exceptions to this rule in situations where there is, for example, the employment of an incompetent contractor, employer interference with the contractor's work or ratification of an injury-producing act *(see,* 2B Warren, Negligence in the New York Courts, Contractors, § 9.01, at 142-144 [3d ed]), plaintiffs' papers in opposition in this case raise no questions of fact pertaining to any of the recognized exceptions to the general rule. Instead, the Bank's undisputed proof establishes that the Bank gave the contractor who repaved the sidewalk no greater instructions other than that it wanted the sidewalk repaved. There was no interference in any respect with the progress of the work. Accordingly, in the absence of proof from plaintiffs creating a triable question on this issue *(see,* CPLR 3212 [b]), summary judgment was appropriately granted to the Bank.

Similarly, plaintiffs' proof submitted in opposition fails to convince us that Supreme Court's grant of summary judgment in favor of the Church was incorrectly decided. Assuming, as Supreme Court did, that the sidewalk in question is a public one, the general rule is that the " 'owner or occupier of property will not be liable solely because [its] property abuts a public sidewalk where an injury occurred' " *(Ishkanian v City of Troy,* 175 AD2d 464, quoting *Brady v Maloney,* 161 AD2d 879, 880). Although plaintiffs assert that the exception to this rule for cases where a sidewalk was constructed in a special manner for the benefit of the abutting landowner *(see, Stewart v Town of Waterford,* 152 AD2d 837, 838) applies in this case to impose liability against the Church, we cannot agree. There is absolutely no proof in the record that the sidewalk was constructed for the special benefit of the Church. The proof indicated that it belonged to the School and was used by children attending the School as well as by churchgoers and other members of the public. There is no evidence that the Church controlled the sidewalk or even maintained it beyond occasionally shoveling or plowing it in winter for its own convenience. The Church's proof demonstrates that it had to ask permission from the School before any repaving could be done to the sidewalk as part of the Church's agreement with the Bank. Significantly, the crux of plaintiffs' claims of negligence is that certain regrading that was performed by the Bank's contractor on the School's land at the time of the sidewalk repaving allegedly caused the accumulation of sand and gravel that presumably caused the infant's accident.

Defendants' uncontradicted proof, however, was that any regrading done was performed at some distance from the accident site. Since the proof in the record fails to support any theory of negligence on the part of the Church, the complaint against it was properly dismissed.

Due to the resolution of the aforementioned issues, there is no need to explore the remaining arguments of the parties including the Bank's persuasive contention that plaintiffs' own proof at the infant's examination before trial conclusively established as a matter of law that his own negligence was the sole proximate cause of the accident.

Mikoll, J. P., Yesawich Jr., Mercure and Mahoney, JJ., concur. Ordered that the orders and judgments are affirmed, with one bill of costs.