■ Town of Sullivan, Appellant, v Sanford Fire Apparatus Corporation, Defendant, and Marshall & Houseman, Inc., Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered April 10, 1991 in Madison County, which granted a motion by defendant Marshall & Houseman, Inc. for summary judgment dismissing the complaint against it.

In July 1989, plaintiff contracted with defendant Sanford Fire Apparatus Corporation, a custom manufacturer of fire and rescue trucks, to purchase a customized fire rescue vehicle. In August 1989, Sanford ordered the necessary chassis to build the vehicle from defendant Marshall & Houseman, Inc. As part of its contract with Sanford, plaintiff paid to Sanford the $36,188 needed for the chassis on October 16, 1989. By certificate dated October 23, 1989, the manufacturer of the chassis transferred title of the chassis to Marshall. On November 6, 1989, Marshall delivered the chassis to Sanford but Sanford did not pay Marshall for the chassis at that time. Instead, Marshall agreed to retain ownership of the chassis on its floor plan and Sanford agreed to reimburse Marshall for the interest charges on it. Thereafter, Sanford went out of business before completing the manufacture of the rescue vehicle ordered by plaintiff. The bank which took possession of Sanford's assets allowed Marshall to repossess the chassis which Marshall resold to another customer in May or June 1990.

In July 1990, plaintiff commenced this action alleging fraud and conversion against Sanford and conversion against Marshall. Following joinder of issue, Marshall moved for summary judgment dismissing the complaint against it. Supreme Court granted this motion and this appeal by plaintiff followed.

We affirm. Plaintiff principally argues that it acquired title to the chassis from Sanford because Marshall "entrusted" the chassis to Sanford within the meaning of UCC 2-403 (2) and plaintiff was a "[b]uyer in ordinary course of business" as defined in UCC 1-201 (9) (see also, UCC 2-403 [3]).* Signifi-

* UCC 2-403 (2) provides that "[a]ny entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business". "Buyer in ordinary course of business" is defined, in pertinent part, as "a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys

cantly, both these UCC sections require that the seller be a seller or dealer of "goods of that kind" (UCC 1-201 [9]; 2-403 [2]). Accordingly, for plaintiff to prevail, there must be proof that Sanford, the purported seller, is a dealer in chassis. However, the uncontradicted testimony of Sanford's owner at the relative time is that Sanford was not in the business of selling chassis. Sanford only manufactured fire rescue vehicles using chassis obtained from other sources, such as a third party like Marshall or the contracting customer. Significantly, the actual contract between plaintiff and Sanford recognizes through its wording that plaintiff was to buy the chassis from a third party through Sanford. Accordingly, inasmuch as plaintiff has failed to raise any arguments which would raise a triable question of fact regarding title to the chassis, Supreme Court correctly granted Marshall's motion for summary judgment dismissing the complaint against it *(see, e.g., Kormanyos v Champlain Val. Fed. Sav. & Loan Assn.,* 182 AD2d 1036).

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.

in ordinary course from a person in the business of selling goods of that kind" (UCC 1-201 [9]).