■ MICHAEL ZELEN, Respondent, v CITY OF SARATOGA SPRINGS et al., Defendants, and NEW YORK RACING ASSOCIATION, INC., Respondent-Appellant, and PINKERTON'S, INC., Appellant.-Respondent.—Levine, J. Cross appeals from an order of the Supreme Court (Brown, J.), entered July 5, 1991 in

Saratoga County, which partially denied a motion by defendant New York Racing Association, Inc. for summary judgment.

This action arises out of an altercation at Saratoga Racetrack in Saratoga County between plaintiff and employees of defendant City of Saratoga Springs and defendant Pinkerton's, Inc. (hereinafter Pinkerton), which, pursuant to a written contract with defendant New York Racing Association, Inc. (hereinafter NYRA), was providing security services at the racetrack on the date of the incident. At approximately 3:00 A.M. on August 14, 1988, plaintiff approached the Pinkerton guard on duty at the Nelson Avenue gate entrance and inquired whether he could use the telephone in the guard booth. After the guard denied the request, plaintiff, who according to the guard was visibly intoxicated, continued over the next several minutes to insist on using the phone and refused to leave the premises. Ultimately, one of the guard's superiors enlisted the assistance of City police officers who were also unable to gain plaintiff's cooperation and eventually placed plaintiff under arrest. While plaintiff was being frisked, he allegedly swung at one of the officers and attempted to grab the officer's weapon. During the ensuing struggle, in which both Pinkerton guards and City police officers were involved, plaintiff allegedly sustained numerous injuries.

Plaintiff thereafter commenced this action against defendants alleging assault and battery, civil conspiracy and a violation of 42 USC § 1983. Following discovery, including examinations before trial, NYRA moved for summary judgment dismissing the complaint and all cross claims against it or, alternatively, summary judgment against Pinkerton for defense and indemnification under the contract. Supreme Court denied so much of NYRA's motion as sought dismissal of the complaint and all cross claims, but awarded NYRA summary judgment against Pinkerton and directed, *inter alia,* that Pinkerton assume the defense and indemnification of NYRA. These cross appeals by NYRA and Pinkerton followed.

In our view, Supreme Court erred in refusing to grant NYRA summary judgment dismissing the complaint and all cross claims against it. Generally, "the employer of an independent contractor is not liable for injury caused to a third party by an act or omission of the independent contractor or its employees" *(Wright v Esplanade Gardens,* 150 AD2d 197, 198; *see, Del Signore v Pyramid Sec. Servs.,* 147 AD2d 759, 760). There are certain exceptions to this rule, among which are situations where there has been employment of an unqual-

ified or incompetent contractor or interference by the employer with the contractor's work (see, Kormanyos v Champlain Val. Fed. Sav. & Loan Assn., 182 AD2d 1036; Wright v Esplanade Gardens, supra). Here, plaintiff failed to demonstrate the applicability of any recognized exception to the general rule or to otherwise establish that Pinkerton was anything other than an independent contractor for NYRA.

Paragraph 18 of the contract between Pinkerton and NYRA provided in relevant part that "[t]he relationship created by this [a]greement is that of principal and independent contractor and nothing herein shall be construed so as to * * * make Pinkerton's the agent of [NYRA], or to make [NYRA] liable for the debts of Pinkerton's". The terms of the contract also provided that Pinkerton was responsible for, inter alia, recruiting and training personnel, handling all union negotiations, securing all necessary licenses and permits, and carrying insurance for the services provided to NYRA. Notwithstanding the foregoing, plaintiff contends that Pinkerton was not an independent contractor because NYRA maintained control over Pinkerton and some of its activities. In support of this position, plaintiff relies on the examination before trial testimony of Charles Scott, NYRA's assistant director of security, who stated that staffing levels were mutually agreed upon by Pinkerton and NYRA, that Pinkerton was required to file daily operation reports advising NYRA of any incidents at the racetrack, that NYRA oversaw Pinkerton's operation and that NYRA reimbursed Pinkerton for its operating expenses. Plaintiff likewise relies on a contract provision which permitted NYRA to request additional services from Pinkerton employees. However, NYRA did not, by any of these activities, assume control over any aspect of the work performed by Pinkerton or actively participate in the manner of performance (see, Del Signore v Pyramid Sec. Servs., supra, at 761). Rather, NYRA retained general supervisory powers over the acts of Pinkerton, which is not sufficient to impose liability (see, Wright v Esplanade Gardens, supra, at 198). Thus, Supreme Court's order should be modified to award NYRA summary judgment dismissing the complaint as well as all cross claims. This resolution disposes of Pinkerton's sole contention on appeal that the relief awarded in Supreme Court's order was inconsistent.

As a final matter, we are unpersuaded by plaintiff's claim that NYRA is in possession of documents which may create a question of fact as to the liability of NYRA (i.e., whether NYRA was on notice of deficient performance by Pinkerton).

We have reviewed plaintiff's discovery demand submitted with his opposition papers and NYRA's response to the demand, including the reply affirmation of NYRA's counsel, and find that aside from plaintiff's unsubstantiated allegations, there is no basis for concluding that facts sufficient to justify further discovery may exist (see, CPLR 3212 [f]).

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that portion of the motion of defendant New York Racing Association, Inc. for summary judgment dismissing the complaint and all cross claims against it; motion granted to that extent, summary judgment awarded to said defendant, and the complaint and all cross claims against said defendant dismissed; and, as so modified, affirmed.