■ SUSAN CONWAY et al., Appellants, v ANNETTE ROSSI, Defendant, and NATALIE T. NAIGLES, Doing Business as NATALIE'S HAIR STUDIO, Respondent. [596 NYS2d 514] —Casey, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered June 23, 1992 in Saratoga County, which, inter alia, granted defendant Natalie T. Naigles' cross motion for summary judgment dismissing the complaint against her.

Plaintiff Susan Conway alleges that she sustained burns to her scalp during the course of a hair treatment at a hair salon owned by defendant Natalie T. Naigles. The treatment was administered by defendant Annette Rossi, who operated as a hairdresser in the shop. Rossi had administered this treatment to Conway on several prior occasions without any problem. Plaintiffs' complaint alleges that Naigles and Rossi were partners, and that the injuries sustained by Conway were caused by the negligence, incompetence and lack of skill of Rossi.

When deposition testimony of Rossi and Naigles revealed that their business relationship was not a partnership, plaintiffs sought to amend their complaint to add a cause of action

alleging that Naigles was responsible for the negligent acts of Rossi and breached a duty owed to plaintiffs by failing to supervise the conduct of Rossi. Naigles cross-moved for summary judgment dismissing the complaint against her. Supreme Court granted the cross motion and denied plaintiffs' motion, resulting in this appeal by plaintiffs.

"The employer of an independent contractor is not, as a general rule, responsible for the contractor's torts, but may be liable if the work performed is inherently dangerous" *(Whitaker v Norman,* 75 NY2d 779, 782). Naigles argues that Rossi was an independent contractor. In support of this argument, Naigles points to undisputed evidence in the record that Rossi paid a monthly rental fee for her own work space in the salon; that Naigles did not receive any portion of the fees paid by Rossi's clients; that Rossi purchased her own combs, brushes, scissors, blow dryers, curling irons, chemicals and other supplies; that Rossi maintained her own appointment book, set her own hours and maintained her own health benefits; and that Naigles neither supervised nor controlled Rossi's work. Despite this undisputed evidence, plaintiffs contend that Naigles is responsible for Rossi's negligence because Naigles, as the holder of the "shop license", was responsible for compliance with the applicable Sanitary Code provisions and relevant rules and regulations pertaining to the practice of hairdressing and cosmetology in the "rental area" occupied by Rossi, the holder of a "renter's license" (19 NYCRR 160.26). We are of the view that Naigles' obligation as the holder of the "shop license" did not convert her business relationship with Rossi from that of an employer-independent contractor into that of employer-employee. Pursuant to 19 NYCRR 160.26, Naigles was responsible for compliance with applicable rules and regulations within the "rental area" occupied by Rossi, but plaintiffs do not allege that the injuries sustained by Conway were caused by a violation of the Sanitary Code or any rule or regulation pertaining to the practice of hairdressing or cosmetology.

Based upon our review of the record, we conclude that the evidence establishes as a matter of law that Rossi. was an independent contractor and not an employee *(see, Surf & Turf Rest. Corp. v Pegasus Agency,* 175 AD2d 802). We also find no evidence to support plaintiffs' claim that hairdressing and the particular treatment applied to Conway are inherently dangerous activities *(see, Fischer v Battery Bldg. Maintenance Co.,* 135 AD2d 378, 379; *see also, Del Signore v Pyramid Sec. Servs.,* 147 AD2d 759, 761). Accordingly, the general rule is applica-

ble and Naigles is not responsible for the negligence of Rossi, an independent contractor *(see, Whitaker v Norman,* 75 NY2d 779, *supra).* Supreme Court's order should, therefore, be affirmed.

Mikoll, J. P., Levine, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.