■ LUIS D. LAZO, Respondent, v MAK's TRADING COMPANY, INC., Appellant. [605 NYS2d 272] —Order of Supreme Court, New York County (Stuart C. Cohen, J.), entered on or about November 16, 1992, which, *inter alia,* denied defendant's cross-motion for summary judgment pursuant to CPLR 3212, reversed insofar as appealed from, on the law, without costs, defendant's cross-motion is granted and the clerk is directed to enter judgment in favor of the defendant accordingly.

Defendant operates a wholesale and retail grocery store

located at 179 East Broadway in Manhattan. Plaintiff, the operator of a tractor trailer, delivered 450 sacks of rice to the defendant's premises on December 31, 1990. Plaintiff commenced this action to recover for injuries allegedly sustained when one of three men hired by defendant to unload the sacks of rice from the plaintiff's truck assaulted him.

The circumstances of the three laborers' employment by the defendant are not disputed. Defendant's manager, Mr. Mak, testified at his deposition that the three men, who were known to him only as "Tony", "Tony's father" and "Willie", would usually ask each morning if there was work and, if they were needed, would be told to return at a certain time. The work usually consisted of unloading a truck. After the work was completed "Tony's father" would be paid $80 which he would then share with the others as he saw fit. Mr. Mak stated that he considered the three men to be independent contractors and that they had done work for him in this manner since about 1988.

During his deposition, plaintiff himself testified that he saw the same three individuals performing the same work at other locations in the area and, that the three men helped him unload his truck on several prior occasions at other businesses without incident. There was no evidence that anyone from the defendant company actively directed or controlled the work done by the three men apart from telling them where to place the sacks inside the store. The defendant did not supply the three with equipment or direct the manner in which the sacks were unloaded from the truck and transported into the store. Plaintiff stated only that when "Tony" cursed at him sometime before the assault occurred, he reported the incident to an unidentified agent of the defendant, who in turn told "Tony" not to disrupt plaintiff's work. However, Mr. Mak testified that no such conversation occurred.

The determination of whether one is an independent contractor typically involves a question of fact concerning which party controls the methods and means by which the work is to be done (*Crage v Kissing Bridge Ski Area,* 186 AD2d 987, 988 *lv denied* 81 NY2d 702). However, where the proof on the issue of control presents no conflict in evidence the matter may properly be determined by the court as a matter of law (*supra,* at 988, citing *Matter of Beach v Velzy,* 238 NY 100). The proof submitted on the motion and cross-motion demonstrates that the three individuals hired by defendant to unload plaintiff's truck were independent contractors, as a matter of law (*compare, Conway v Rossi,* 192 AD2d 855; *Zelen v*

*City of Saratoga Springs,* 187 AD2d 818). At most defendant retained general supervisory powers over the three men. However, the mere retention of general supervisory powers over independent contractors cannot be a basis for the imposition of liability for their acts *(Wright v Esplanade Gardens,* 150 AD2d 197, 198, citing *Foran v March & McLennan,* 29 AD2d 857). Moreover, given all of the evidence submitted, plaintiff's deposition testimony, that he told an unidentified agent of the defendant that Tony cursed at him, does not raise a question regarding either the extent of defendant's control over the three laborers or defendant's knowledge of Tony's alleged violent propensities. Consequently, the general rule, that the employer of an independent contractor is not liable for injury caused to a third party by an act or omission of an independent contractor or said contractor's employees, applies in this case *(Zelen v City of Saratoga Springs, supra,* at 819; *Wright v Esplanade Gardens, supra; see, Del Signore v Pyramid Sec. Servs.,* 147 AD2d 759, 760). Concur—Sullivan, J. P., Ross and Nardelli, JJ.

Kassal and Rubin, JJ., dissent in a memorandum by Rubin, J., as follows: This case presents the novel question of whether an employer who makes absolutely no attempt to explore the background of his agent should thereby be insulated from liability for a battery committed by that agent while performing the service for which he was engaged.

We are asked to accept the proposition that three "itinerant contract laborers", employed by defendant to unload a truck, are independent contractors, as a matter of law, precluding defendant's liability for the assault of the truck's driver committed by one of the laborers. It is not claimed that the three, known only as "Tony", "Tony's father" and "Willie", performed unloading services pursuant to an express contract, written or oral, and it is proposed that defendant be granted summary judgment based entirely on the bald conclusory assertion that they are independent contractors and not agents subject to defendant's direction and control.

As defendant's moving papers recite, plaintiff seeks to recover damages from defendant for injuries sustained at the hands of "Tony" based upon the doctrine of respondeat superior and upon the theory of negligent hiring and supervision. Defendant contends, in its brief, that the three transient laborers "were never formally hired", "were never carried on the payroll" and "never received any benefits". Defendant's president, David Mak, testified on his deposition that the three were paid a total of $80 in cash for each delivery of rice

that was unloaded; that they inquired in the morning if their services were required, returning at about noon if a rice delivery was expected; that corporate books reflect payment for this service on some 20 to 25 occasions over the course of the year 1989; and that no inquiry was ever made into the background, residence, employment history or criminal record of the three laborers. Both Mak and plaintiff Lazo indicated that the three men had been observed performing similar work for other businesses in the vicinity of defendant's place of business.

In *Matter of Morton* (284 NY 167, 172), the Court of Appeals stated: "The distinction between an employee and an independent contractor has been said to be the difference between one who undertakes to achieve an agreed result and to accept the directions of his employer as to the manner in which the result shall be accomplished, and one who agrees to achieve a certain result but is not subject to the orders of the employer as to the means which are used." The Court also observed that "the degree of control which must be reserved by the employer in order to create the employer-employee relationship cannot be stated in terms of mathematical precision, and various aspects of the relationship may be considered in arriving at the conclusion in a particular case" (284 NY, *supra,* at 173).

It is apparent from the deposition testimony of David Mak that defendant scheduled the date and hour of each delivery, and it is conceded that defendant designated where each shipment was to be placed. Defendant nevertheless argues that, because the three men decided when and where they would work and how the unloading would be performed, the conclusion that they are independent contractors is "inescapable."

The extent to which an employer exercises supervision and control over its servants is necessarily a function of the complexity of the task to be accomplished. The carpenter engaged by a builder to frame a house will require far closer supervision (to assure that the finished result matches the architectural plan) than the laborer engaged to unload lumber from the delivery truck. Merely because the task is so menial that it does not warrant close supervision does not render the person who performs it, ipso facto, an independent contractor rather than an employee or agent. What defendant's argument avoids is that, apart from directing the laborers to appear at the appropriate time and designating what is to be

placed where, there is little an employer can do by way of supervising so simple a chore.

As stated in *Felice v St. Agnes Hosp.* (65 AD2d 388, 396 [Titone, J.]), "[w]hether a person is an 'employee' or an 'independent contractor' is an ultimate fact to be determined from the evidence itself." To this end, the failure to withhold income and Social Security taxes from amounts paid for services is not material to, much less dispositive of, the determination *(see, Bratt v Midland Asphalt Corp.,* 8 NY2d 963, 964; *Bermudez v Ruiz,* 185 AD2d 212, 213). This Court has held that whether there exists a "sufficient degree of direction and control" over a tortfeasor to impose liability on an alleged principal is a question of fact to be submitted to the jury *(Garcia v Herald Tribune Fresh Air Fund,* 51 AD2d 897). Summary judgment in favor of a defendant who asserts that the tortfeasor was employed as an independent contractor has been denied under circumstances considerably more compelling than those presented by the sparse and equivocal record before us *(Wright v Esplanade Gardens,* 150 AD2d 197; *compare, Zelen v City of Saratoga Springs,* 187 AD2d 818 [3d Dept 1992]). Where the record raises "a question with respect to the nature of the relationship between the tortfeasor and his alleged principal, summary judgment is not warranted" *(Carrion v Orbit Messenger,* 82 NY2d 742, 744, *affg* 192 AD2d 366).

As to plaintiff's cause of action founded upon negligent hiring and supervision, defendant asserts, in its moving papers, that there is no evidence to suggest that plaintiff's assailant had a propensity for violence. Thus, it now maintains that the assault by "Tony" upon plaintiff could not have been foreseeable (citing *Quadrozzi v Norcem, Inc.,* 125 AD2d 559). However, the record amply reflects that defendant made absolutely no effort to obtain information about "Tony's" background, including any record of convictions. At the time of the assault, defendant had not even bothered to learn "Tony's" last name or to obtain his address and telephone number. (There is a reference in plaintiff's deposition testimony to a police report listing the assailant's name as "Randall Jones", but this report is not included in the record on appeal.) In similar circumstances, it has been said that "the employer has a duty to exercise reasonable care in employing, training and supervising an employee" *(Weiss v Furniture-In-The-Raw,* 62 Misc 2d 283, 285). As this Court stated in *Haddock v City of New York* (140 AD2d 91, 94, *affd* 75 NY2d 478), "The law is well settled that an employer has a duty to

use reasonable care and refrain from knowingly retaining in its employ a person with known dangerous propensities in a position that would present a foreseeable risk of harm to others."

According to plaintiff's deposition testimony, he advised an agent of defendant Mak's Trading Company (identified in counsel's affidavit as its president, David Mak) that "Tony" had been abusive, whereupon the agent told "Tony", "you don't have to do more trouble to this man" and directed him to go back to work. Giving these allegations their most favorable intendment for the purpose of opposing a motion to dismiss the complaint (*Arrington v New York Times Co.,* 55 NY2d 433, 442, *cert denied* 459 US 1146; *Dulberg v Mock,* 1 NY2d 54, 56), they raise issues with respect to defendant's actual notice of "Tony's" hostility towards plaintiff, defendant's supervision and direction of "Tony" at the time of the incident and negligence in the exercise of supervisory control under the attendant circumstances. Thus, even if it is accepted that the failure to screen an employee is not an act of negligence on defendant's part, there is still a question with respect to whether defendant exercised due care to supervise the actions of its agent after being advised of the developing conflict by plaintiff.

Accordingly, the order of the Supreme Court, New York County (Stuart C. Cohen, J.), entered on or about November 16, 1992 which, *inter alia,* denied defendant's cross-motion for summary judgment dismissing the complaint, should be affirmed, without costs.