OPINION OF THE COURT
Harold J. Hughes, J.
The issue presented on these motions is whether the statutory duty to repossess collateral without breach of the peace imposed upon a secured party by UCC 9-503 renders the secured party liable for an assault occurring during the repossession of the collateral even though the assault be committed by an independent contractor rather than an agent of the secured party. General Motors Acceptance Corporation (GMAC) was the secured party pursuant to a retail installment sale contract whereby plaintiff Maureen Mauro purchased a 1986 Chevrolet. It is alleged that Mrs. Mauro defaulted in making her monthly payments, and that GMAC retained Tri-City Auto Recovery (Tri-City) to repossess the vehicle. Tri-City assigned Anthony Russo to repossess the Chevrolet.
At about 8:30 p.m. on March 9, 1989, Mr. Russo, accompanied by his son Edward, located the Mauro vehicle in the driveway of the Mauro residence. Mr. Russo parked his tow truck and approached the Chevrolet to check its vehicle identification number. Mr. and Mrs. Mauro were in an upstairs bedroom watching television when Mrs. Mauro saw headlights in the driveway, and noticed that the headlights of her automobile were on. She told her husband that someone was in the car, and grabbed an unloaded shotgun and ran outside. Mr. Russo was in the car, and Mrs. Mauro pointed the shotgun at him and told him to get out. Mr. Russo exited the car and attempted to grab the gun. John Mauro came out of the house and also began struggling with Mr. Russo, at which point Edward Russo joined in the fight. John Mauro managed to disengage and return to the house, where he called the police, after which he went back outside with two knives in his hands. A standoff occurred until the police arrived. Criminal charges against the Russos were dismissed in the interest of justice.
*873 The Mauros commenced this action against GMAC, Tri-City and the Russos upon an assault theory. It is alleged that the Russos used violent and unlawful methods in attempting to repossess the vehicle, and that GMAC and Tri-City are liable for that tortious conduct. GMAC asserted two counterclaims seeking to recover an alleged deficiency of $2,105.03, and an attorney’s fee of $315.75. GMAC now concedes that those sums are not due, and has withdrawn the counterclaims. Discovery is complete, and the action is scheduled for trial on May 15, 1995.
GMAC here seeks summary judgment upon the ground that Tri-City was an independent contractor, and under settled New York law a principal is not liable for an assault committed by employees of an independent contractor absent certain exceptions which are not present in this case. For the purposes of this motion it will be assumed that Tri-City was an independent contractor. GMAC has correctly stated the general rule of law concerning the liability of a principal for an injury caused to a third party by an act of an employee of an independent contractor retained by the principal (Lazo v Mak’s Trading Co., 84 NY2d 896). The operation of the rule is illustrated in Zelen v City of Saratoga Springs (187 AD2d 818). The New York Racing Association, Inc. (NYRA) operated a thoroughbred racetrack in the City of Saratoga Springs, New York. NYRA hired an independent contractor, Pinkerton’s, Inc. (hereinafter Pinkerton), to provide security service at the racetrack. On August 14, 1988, Michael Zelen approached the Pinkerton guard on duty at one of the racetrack entrances and inquired whether he could use the telephone in the guard booth. The guard denied the request. Mr. Zelen persisted and the police were called. A struggle ensued involving Zelen, the Pinkerton guards, and city police officers. Plaintiff alleged he sustained numerous injuries as a result of an assault and battery. In the ensuing action, NYRA moved for summary judgment after the completion of discovery. The lower court denied the motion. In reversing, the Third Department held: "In our view, Supreme Court erred in refusing to grant NYRA summary judgment dismissing the complaint and all cross claims against it. Generally, 'the employer of an independent contractor is not liable for injury caused to a third party by an act or omission of the independent contractor or its employees’ (Wright v Esplanade Gardens, 150 AD2d 197, 198; see, Del Signore v Pyramid Sec. Servs., 147 AD2d 759, 760). There are certain exceptions to this rule, among which are situations *874 where there has been employment of an unqualified or incompetent contractor or interference by the employer with the contractor’s work (see, Kormanyos v Champlain Val. Fed. Sav. & Loan Assn., 182 AD2d 1036; Wright v Esplanade Gardens, supra). Here, plaintiff failed to demonstrate the applicability of any recognized exception to the general rule or to otherwise establish that Pinkerton was anything other than an independent contractor for NYRA.” (187 AD2d, at 819, 820, supra.)
The question becomes whether an additional exception to the general rule should be recognized. In exercising the contractual right of repossession, GMAC was statutorily bound to act in accordance with UCC 9-503 which provides that, "[i]n taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action.” This court must determine if the statute imposes a nondelegable duty upon a secured party, making it liable for injuries sustained in the course of a breach of the peace by employees of an independent contractor engaged to repossess the secured property. In view of the dismissal of the criminal charges in the interest of justice, there is no question but that a breach of the peace occurred in the course of the Russos’ attempt at repossession of the vehicle. This court has discovered no New York cases on point. A review of the decisions of sister State courts confronted with the same issue is appropriate.
In Nichols v Metropolitan Bank (435 NW2d 637 [Minn Ct App 1989]), plaintiff Gary Nichols purchased an automobile for his daughter Kim and financed it with a loan obtained from Metropolitan Bank. Mr. Nichols defaulted on the car loan, and the bank hired an independent contractor, R.J. Control Service, to repossess the vehicle. R.J. Control sent two employees named Nelson and Vedder to seize the car. Nelson and Vedder waited at the Nichols’ residence and approached Kim Nichols as she drove the car into her driveway. They demanded that she surrender the car. She refused, and Nelson reached through the open car window and grabbed hold of Nichols’ hand as she held the keys in the ignition. Nelson and Vedder took the keys from Nichols and drove the car away. Gary and Kim Nichols brought an action against Metropolitan Bank, R.J. Control Service, and Nelson and Vedder asserting that they were entitled to damages for injuries to Kim Nichols’ hand and wrist upon several theories, including assault and battery. Metropolitan Bank moved for summary judgment, asserting that it was not liable for the damages because *875 R.J. Control Service was an independent contractor, and the lower court granted the motion for summary judgment. The Court of Appeals of Minnesota reversed, giving its reasoning as follows:
"The uniform commercial code defines the relationship between secured parties and debtors by establishing specific rights, remedies and duties with respect to repossession and disposition of collateral upon default. See Minn. Stat. §§ 336.9-501-.9-508 (1988). The code requires a secured party to exercise its self-help remedy rights only when repossession can be accomplished 'without breach of the peace.’ See id. § 336.9-503. The conditional nature of the secured party’s self-help remedies and the language of section 336.9-503 indicate that a secured party must ensure there is no risk of harm to the debtor and others if the secured party chooses to repossess collateral by self-help methods. The duty to repossess property in a peaceable manner is specifically imposed on a 'secured party’ by the uniform commercial code and is intended to protect debtors and other persons affected by repossession activities. See id. (a 'secured party’ may repossess by self-help methods 'if this can be done without breach of the peace’). Accordingly, a secured party may not delegate to third persons the secured party’s duty to repossess in a peaceable manner. Cf. Restatement (Second) of Torts § 424 (1965) (a person under a statutory duty to provide specific safeguards or precautions for the safety of another is liable for injuries to the other person caused by a contractor’s failure to provide the necessary safeguards or precautions).
"The Bank had a right to repossess the Nichols’ vehicle 'without judicial process’ because the Bank was a 'secured party’ under the uniform commercial code. As a party to a creditor-debtor relationship governed by the commercial code, the Bank was obligated to ensure its efforts to repossess the Nichols’ car by self-help methods did not create any risk of harm to its debtor, Gary Nichols. Cf. Steichen v First Bank Grand, 372 N.W.2d 768, 773 (Minn. Ct. App. 1985), pet. for rev. denied (Minn. Oct. 18, 1985) ('A secured lender must supervise its employees and provide proper policy and instruction on lawful self-help repossession, and not allow its collectors to act with a free hand in attempting to collect from its customers.’). The Bank also was obligated to ensure repossession of the Nichols’ car did not create a risk of harm to other persons, including Kim Nichols, who were neither debtors of the Bank nor legal owners of the collateral. Cf. General *876 Finance Corp. v. Smith, 505 So. 2d 1045, 1048 (Ala. 1987) (the statutory responsibility to repossess collateral without breach of the peace is a nondelegable duty, the violation of which rendered the finance company liable for the debtor’s damages).
"Our construction of section 336.9-503 is strict, in part because 'self-help repossession is a harsh remedy,’ and in part because 'strict application of the law is necessary to prevent abuse and to discourage illegal conduct.’ See Steichen, 372 N.W.2d at 773; see also Bloomquist v First National Bank of Elk River, 378 N.W.2d 81, 84 (Minn. Ct. App. 1985), pet. for rev. denied (Minn. Jan. 31, 1986) (forcible entry into an unoccupied garage by removing a cracked window pane constituted a breach of the peace within the meaning of section 336.9-503).
"The district court erroneously concluded the Bank was not liable for the actions of its independent contractor, R.J. Control Service. The Bank’s duty to repossess the Nichols’ car 'without breach of the peace’ was a nondelegable duty; the Bank therefore is liable for any damages caused by R.J. Control Service and its workers. The district court erred by granting the Bank’s summary judgment motion”. (435 NW2d, at 640-641, supra.)
When faced with the same issue upon similar facts, courts in Florida (Sammons v Broward Bank, 599 So 2d 1018) and Texas (Sanchez v M Bank of El Paso, 792 SW2d 530, affd 836 SW2d 151) have reached the same result. This State has the same public policy concerns that underline the Minnesota, Texas and Florida decisions, and this court will give the same construction to UCC 9-503. If it is determined that the Mauros sustained personal injuries and derivative loss as the result of an assault and battery committed by the Russos in the act of repossessing the automobile, GMAC will be liable in the first instance for those damages.
Turning to the cross motion by Tri-City for dismissal of the complaint against it, it is settled law that under the doctrine of respondeat superior an employer may be liable for an assault committed by an employee acting within the scope of his employment (Santamarina v Citrynell, 203 AD2d 57). The rule is explained in Young Bai Choi v D & D Novelties (157 AD2d 777). D & D Novelties employed Joseph McGregor and assigned him to pick up the mail from the post office. In order to do that, McGregor was shoveling snow out from under his car onto the sidewalk in front of a store owned by Young Bai *877 Choi. Bai Choi asked McGregor to stop, and an altercation ensued. McGregor testified that he accidently struck Young Bai Choi with the snow shovel, but did plead guilty to a charge of assault in the third degree. D & D Novelties contended that McGregor was not acting within the scope of his employment when he injured the plaintiff. The Appellate Division stated: "An employer is liable, under the doctrine of respondeat superior, for a tort committed by his servant while acting within the scope of his employment (see, Mott v Consumers’ Ice Co., 73 NY 543). Intentional torts as well as negligent acts may fall within the scope of employment. In either situation, the employer need not have foreseen the precise act or the exact manner of injury so long as the general type of conduct may have been reasonably expected (see, Riviello v Waldron, 47 NY2d 297; Quadrozzi v Norcem, 125 AD2d 559). Because the determination of whether a particular act was within the scope of the servant’s employment is so heavily dependent on factual considerations, the question is ordinarily one for the jury (see, Riviello v Waldron, supra, at 303). Since there were factual issues as to the circumstances of how the blow was struck, it was not error for the trial court to submit the issue to the jury. The jury’s verdict was not against the weight of the evidence (see, Nicastroi v Park, 113 AD2d 129).” (157 AD2d, at 778, supra.)
Here, there are questions of fact as to whether Anthony Russo was acting within the scope of his employment at the time of the incident giving rise to the lawsuit.
The motion of the defendant General Motors Acceptance Corporation and the cross motion of the defendant Tri-City Auto Recovery, Inc., for summary judgment dismissing the complaint against them for lack of merit are denied.