**CAMPBELL, et al.   Plaintiffs,**

v.

**DIGUGLIELMO, et al.   Defendants.**

No. 97 Civ. 7351(CBM).

United States District Court,
S.D. New York.

Oct. 4, 2000.

Paul D. Rheingold, New York City, for Plaintiffs.

Charles G. Fiore, lewis & Fiore, New York City, Paul Aronson, Michael D. Hess, Corp. Counsel of the City of New York, New York City, Robert Hermann, Plunkett & Jaffe, P.C., White Plains, NY, for Defendants.

*MEMORANDUM OPINION DENYING THE CITY'S MOTION FOR AN INTERLOCUTORY APPEAL*

MOTLEY, District Judge.

**I.   Case Background**

Plaintiff William Campbell, administrator of the estate of Charles Campbell, brought a §§ 1983 and 1985(3) action alleging that in the Village of Dobbs Ferry in Westchester County, an off-duty NYPD officer, assaulted, battered, shot, and killed Charles Campbell, in violation of the Fourth, Fifth, Thirteenth, and Fourteenth Amendments. The complaint also raises a New York State law claim; i.e. that the defendant police officer, DiGuglielmo, was acting within the scope of his authority as a police officer when he shot and killed Charles Campbell.

The defendant officer, Richard DiGuglielmo, Jr., is incarcerated, having been convicted of homicide. The gun was owned by his father, Richard DiGuglielmo, Sr., and was in the father's Deli. The shooting occurred in the Deli parking lot.

The original defendants were: individuals involved in the shooting; New York City entities responsible for the NYPD; Village of Dobbs Ferry entities responsible for Dobbs Ferry police; and Westchester County entities responsible for the County D.A. office ("County defendants"). The five County defendants are: the County of Westchester; the Office of the Westchester County District Attorney; Carl A. Vergari, the then-D.A.; unknown A.D.A. "John Doe"; and unknown supervisory A.D.A. "Ralph Roe."

In an order dated June 8, 1999 this court dismissed the claims against the County defendants, and on May 16, 2000 this court granted Summary Judgment and dismissed the charges against the Village of Dobbs Ferry entities. In a third order dated July 27, 2000, this court granted Summary Judgment and dismissed the charges against the New York City Police Department, the New York City Transit Authority Police Department and the New York City Transit Authority. In the same order, this court denied summary judgment regarding the state-law tort claims against the City of New York ("City").

The City has now moved this court to certify an immediate appeal of its order denying the City's motion for summary judgment. For the reasons which follow, that motion is denied.

## II. Defendant City of New York's Motion

Under 28 U.S.C. § 1292(b) a district court has discretion to issue an order for an immediate appeal of (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion and (3) where an immediate appeal from the order may materially advance the ultimate termination of the litigation.[1] The City argues that whether a claim exists as a matter of law is a controlling question of law. In this case, the City claims, this court's denial of its summary judgment motion was therefore wrong since this case involves a controlling question of law, i.e. whether the City is liable under New York law's doctrine of respondeat superior for the actions of an off-duty Police Officer. The City goes on to argue that the grant of summary judgment in this case also would have advanced the ultimate resolution of the case by obviating the need for the City to participate in a trial.

▉ In answer to the motion, plaintiff does not deny that this case involves a controlling question of New York law. Rather, plaintiff asserts that there is no substantial ground for a difference of opinion on that question of law. Plaintiff argues that it is well settled under New York law that an employee acts within the scope of his employment when he carries out duties incumbent upon the employee in furthering the employer's business, and sometimes even when he exceeds that authority.[2] Further, plaintiff cites Magis-

---

**1.** See 28 U.S.C. § 1292(b); *Thypin Steel Co. v. Asoma Corp.*, 215 F.3d 273, 279—80 (2d Cir. 2000); *Marisol v. Giuliani*, 104 F.3d 524, 526 (2d Cir.19976).

**2.** See *Greenfield v. City of New York*, 2000 WL 124992 at *10 (S.D.N.Y.2000); *Young Bai Choi v. D & D Novelties, Inc.*, 550 N.Y.S.2d 376, 377 (1990) ("An employer is liable, under the doctrine of respondeat superior, for a tort committed by his servant while acting within the scope of his employment.... Intentional torts as well as negligent acts may

fall within the scope of employment.") (citing *Mott v. Consumers' Ice Co.*, 73 N.Y. 543, 547 (1878) ("[F]or the acts of a servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly, or even willfully.")); *Mauro v. General Motors Acceptance Corp.*, 626 N.Y.S.2d 374, 378 (1995); *Mathis v. State*, 531 N.Y.S.2d 680, 685 (1988) ("[A] line of authority ... goes back over a hundred years

trate Judge Eaton's report, approved by this court, for the proposition that whether DiGuglielmo was acting within the scope of his duties is a question of fact for the jury, not a question of law.[3]

## III. Analysis

Plaintiff does not contest that the question of law (whether the City can be held responsible for DiGuglielmo's actions under New York State's doctrine of respondeat superior) would be controlling. Plaintiff also does not refute the City's claim that deciding this question would materially advance the litigation by obviating the need for the city to participate in the trial. The only question at issue, therefore, is whether there is substantial ground for a difference of opinion on the legal question whether the City can be held liable for the acts of its employee done within the scope of the employee's duties and even when the employee exceeds the strict boundaries of his duties.

■ In its summary judgment briefs, the City cites numerous cases for the proposition that an employer is only liable for the actions of its employee that are within the scope of employment.[4] In this case, however, that question of law is not at issue. Rather, the question to be determined is whether the events in this case indicate that DiGuglielmo was acting within the scope of his employment. As Magistrate Judge Eaton's Report indicates, this is a question of fact to be determined by the jury, not a question of law. It is also similar to the question whether the defendant police officer violated Title 42 U.S.C. § 1983 which is also a question of fact to be tried in this case.

## IV. Conclusion

■ The City has failed to establish that the order in question involves a controlling question of law as to which there is substantial ground for difference of opinion. The court now denies the City's motion to certify a controlling question for an immediate appeal to the Second Circuit.

---

adhering to the concept that: 'The master who puts the servant in a place of trust or responsibility ... is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority, and inflicts an unjustifiable injury upon another.' ") (quoting *Rounds v. Delaware L. & W.R. Co.*, 64 N.Y. 129, 134 (1876)).

3. Plaintiff also objects to the instant motion on the basis that exceptional circumstances are required for the granting of a § 1292(b) interlocutory appeal and that such circumstances do not exist in this case. However, (although the City did not argue this in its reply) the case cited by plaintiff, *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351, 363, states that "even if the district judge certifies the order under § 1292(b), the appellant still 'has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.' " *Id.* Therefore, the District Court need not evaluate whether the circumstances are exceptional, rather the Court of Appeals may deny review if appellant fails to carry its burden.

4. *See City Defendants' Memorandum of law in Support of Their Motion for Summary Judgment*, at 16—18 (April 3, 2000).