OPINION OF THE COURT
Dominick J. Viscardi, J.
Plaintiffs move pursuant to CPLR 3211 (subd [b]) to dismiss the first and second defenses contained in the answer of the defendants.
Plaintiffs allege that during the fall of 1975 and the winter of 1976 the defendants, while acting in their official capacities, wrongfully and maliciously conspired to remove plaintiff, Douglas F. Groat, from his employment as a police officer. Pursuant to the alleged conspiracy, disciplinary charges were filed against plaintiff on May 5, 1976 and on June 29, 1976. Following the proceedings which ensued as a result of the charges, Mr. Groat was dismissed on August 16, 1977. On November 17, 1977 an order was signed by the Honorable D. Vincent Cerrito reversing and dismissing several of the charges against Douglas F. Groat, while other charges were reversed and remanded to defendants for further consideration. Pursuant to the order, plaintiff Groat was restored to defendants’ payroll as of the date of his dismissal.
Following Justice Cerrito’s order plaintiff Douglas F. Groat commenced the instant action against defendants for causes of action based upon malicious prosecution and upon prima facie tort. Plaintiff Madeline L. Groat sues derivatively for damages, including legal fees for her husband’s defense, lost earnings of her husband and lost services, society and companionship of her husband. By way of a defense defendants maintain that plaintiffs’ causes of action were not timely *328 commenced and further, that sufficient facts have not been pleaded so as to state causes of action.
Initially, it should be noted that when a plaintiff moves pursuant to CPLR 3211 (subd [b]), to dismiss a defense, the court is empowered to "search the record” and dismiss any defective causes of actions as well as any defective defenses. (CPLR 3211, subd [c]; 3212, subd [b].)
Defendants have argued that plaintiff Douglas F. Groat has failed to state a cause of action for malicious prosecution inasmuch as he has not alleged in the complaint that judicial proceedings, either criminal or civil, were initiated by defendants. Furthermore, defendants maintain that the disciplinary proceedings initiated against Mr. Groat pursuant to section 75 of the Civil Service Law and section 155 of the Town Law do not rise to the level of judicial proceedings upon which an action for malicious prosecution can be based.
Assuming for purposes of this motion that the liberal pleading requirements of the CPLR do not require the express words "judicial proceeding” as part of the allegations comprising an action for malicious prosecution, the court nevertheless is of the opinion that the disciplinary proceedings as alleged in the complaint are not the kind of proceedings upon which an action for malicious prosecution can be predicated. A judicial proceeding which may serve as the basis for a subsequent malicious prosecution action usually means a proceeding before a court or a Judge. (36 NY Jur, Malicious Prosecution, § 15.) In the instant case disciplinary proceedings were instituted by defendants against Douglas F. Groat pursuant to section 75 of the Civil Service Law and section 155 of the Town Law.
Under these sections an administrative hearing was held to consider the charges against plaintiff, Douglas F. Groat. Such a hearing is generally held not to support a subsequent action for malicious prosecution. (36 NY Jur, Malicious Prosecution, § 15, citing Raschid v News Syndicate Co., 265 NY 1.) While plaintiffs have argued that the proceedings are quasi-criminal in nature, the court notes that the harshest sanction mandated by section 155 of the Town Law or section 75 of the Civil Service Law is dismissal. Such an occurrence is severe, but it does not amount to the threat of incarceration which is typically associated with criminal proceedings. Moreover, the proceedings do not fit into the requisite type of civil proceedings, since it has not been alleged that plaintiff’s property or *329 person has been interfered with by provisional remedies such as arrest, attachment or injunction. (Burt v Smith, 181 NY 1, 5; Lincoln First Bank of Rochester v Siegel, 60 AD2d 270, 280.) Accordingly, plaintiff Douglas F. Groat’s cause of action for malicious prosecution should be dismissed.
Plaintiffs second cause of action sounds in prima facie tort. Defendants argue that it is defective in that special damages are not specifically alleged.
"An essential element of [a prima facie tort] cause of action is an allegation of special damages (e. g., ATI, Inc. v Ruder & Finn, 42 NY2d 454).” (Lincoln First Bank of Rochester v Siegel, supra, at pp 279-280.) The court in Lincoln also stated that, "Special damages must be alleged with sufficient particularity to identify actual losses * * *. They must be fully and accurately stated [citations omitted]” (60 AD2d 270, 280, supra).
With respect to damages plaintiffs second cause of action merely states "all to said plaintiffs damage in the sum of One Million ($1,000,000.00) Dollars.” This allegation is defective as damages pleaded in such round sums, without any attempt at itemization, must be deemed allegations of general damages. (Leather Dev. Corp. v Dun & Bradstreet, 15 AD2d 761.) Having failed to plead special damages in its action for prima facie tort, summary judgment is properly granted. (Lincoln First Bank of Rochester v Siegel, supra, at p 280.) Plaintiff Douglas F. Groat is, however, granted leave to serve an amended complaint which alleges special damages with particularity providing that same is accomplished within 20 days of the service of the order herein.
Plaintiff Madeline L. Groat’s third cause of action is derivative and it need not be considered in light of the foregoing. However, since leave to replead has been granted with respect to the cause of action for prima facie tort, a brief discussion of the third cause of action is appropriate simply to conserve judicial resources.
 The third cause of action is for damages allegedly suffered by Madeline L. Groat, as the wife of Douglas F. Groat, for her husband’s legal fees, his lost earnings and income, the loss of his service, society and companionship and other damage. No cause of action is stated with respect to Mr. Groat’s legal fees and loss of earnings, since he alone is entitled to his earnings and he alone is liable for his own attorney’s fees. (Roher v State of New York, 279 App Div *330 1116, 1117.) Moreover, Mrs. Groat would clearly have no cause of action for mental anguish. (Roher, supra; Howard v Lecher, 42 NY2d 109, 112.) With respect to the issue of damages for loss of consortium in an action predicated upon prima facie tort, there appears to be no authority for permitting same where the harm complained of did not result in physical injury to the spouse or physical confinement away from the spouse. There being no such allegations in the complaint, plaintiff Madeline L. Groat’s cause of action for the lost service, society and companionship of her husband should be dismissed. Plaintiff Madeline L. Groat is granted leave to serve an amended complaint which alleges physical injury to her husband or his physical confinement away from her providing that same is accomplished within 20 days of the service of the order herein.