■ WHAT CHEER REALTY Co. et al., Appellants, v JAY B. HASHMALL et al., Respondents. — Order, Supreme Court, New York County (Cahn, J.), entered December 16, 1980, which, to the extent appealed from, granted the motion of defendants-respondents for summary judgment dismissing the third (fraud) and fourth (abuse of process) causes of action, unanimously modified, on the law, motion denied as to the fourth cause of action, which is reinstated, and order otherwise affirmed, without costs. This litigation arose out of a landlord-tenant dispute in which appellant (landlord) commenced a summary proceeding against respondent Hashmall (tenant), an attorney. While this proceeding was pending, the other defendants (attorney with whom Hashmall was associated) instituted a Civil Court action on behalf of Hashmall, seeking the identical relief requested in their counterclaim in the landlord-tenant proceeding. Appellants maintain that intentionally improper service was made, so that they received no notice of the Civil Court action, that defendants caused a default judgment to be entered, took an inquest by default, and attempted to satisfy an $8,000 judgment against plaintiffs-appellants by serving restraining notices on their bank accounts. These actions appear to have been motivated by animus between the parties. Abuse of process is, broadly, intentionally causing proper process to issue for an improper purpose. The elements of

the tort are (1) the regular issuance of the process; (2) the intent to cause harm, without justification; (3) the seeking of collateral advantage to defendant or detriment to plaintiff, outside the legitimate ends of the process *(Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397, 403). In this case, appellants' factual allegations make out the elements set forth above and place in issue whether respondents' conduct constitutes the tort of abuse of process. Concur — Sandler, J. P., Sullivan, Carro, Markewich and Lupiano, JJ.