(May 3, 1988)

■ FAMILY MEDIA, INC., Respondent, v PRINTRONIC CORPORA-
TION OF AMERICA, INC., et al., Appellants and Third-Party
Plaintiffs, et al., Third-Party Defendant

This lawsuit, encompassing claims of malicious prosecution, abuse of process, money had and received, conversion and unjust enrichment is an outgrowth of an earlier action brought by Printronic Corporation, a defendant herein, against Country Music magazine to recover $24,343.39 for work, labor and services. Also joined as a defendant in that action was Family Media, the plaintiff herein, against which judgment was sought on the theory that Family Media had agreed to pay Country Music's debt to Printronic. Ultimately that action was dismissed on motion against Family Media but not before there had been a settlement, eventually alleged to have been breached by Country Music, and the subsequent entry of a default judgment against both Country Music and Family Media. The entry of the default judgments led to the service of a restraining notice on Manufacturers Hanover Trust, with which Family Media maintained a checking account. Ultimately, Printronic agreed to lift the restraint and vacate the default on condition that Family Media pay the sum of $18,000, of which $13,000 was to be placed in an escrow account. An additional $5,000 was paid. While Family Media alleges that the latter was also to be held in escrow, Printronic alleges that it was a payment on account of Coun-

try Music's debt. Drawn on the account of the attorney who represented both Country Music and Family Media, the check includes the legend "Payment re: Printronic v. CMMI and Family Media, Inc." After the underlying action was dismissed against Family Media, Printronic returned the $13,000 held in escrow, but kept the $5,000, claiming that this amount had been paid by Family Media in behalf of Country Music and in partial satisfaction of Country Music's debt to Printronic. Family Media thereafter commenced the within action and eventually moved for summary judgment, which the court, without elaboration, granted as to the issue of liability only except as to a fraud cause of action, not at issue here. We reverse and deny summary judgment.

With respect to the cause of action for malicious prosecution, a factual question exists, at the very least, as to the issue of probable cause. Family Media argues that probable cause for a civil suit cannot be based on mere rumor. Printronic, however, relied on reports in trade magazines and newspapers that Family Media had acquired Country Music magazine and could reasonably have concluded that Family Media would be assuming Country Music's financial obligations. (Actually, Family Media and Country Music were parties to a management agreement whereby Family Media undertook certain management functions for Country Music. Family Media never acquired ownership of Country Music and did not agree to assume its obligations.) Moreover, the issue of malice, which is Family Media's burden to prove, presents a question of fact that cannot be resolved on a motion for summary judgment. *(See, Ellman v McCarty,* 70 AD2d 150, 156.) Nor has Family Media demonstrated, as a matter of law, a case in abuse of process. Such a cause of action, defined broadly as "intentionally causing proper process to issue for an improper purpose" *(What Cheer Realty Co. v Hashmall,* 85 AD2d 502), cannot be based on the service of a summons and complaint *(Aluminum Mill Supply Corp. v Larkin,* 129 AD2d 542, *lv denied* 70 NY2d 611) or the entry of a default judgment *(Fox v Issler,* 77 AD2d 860). On this record, Family Media has not, as a matter of law, demonstrated that the use of the restraining notice was perverted for a purpose never intended. Finally, the causes of action for money had and received, conversion and unjust enrichment, all of which are based on Printronic's failure to return the $5,000, turn on a resolution of the sharply disputed question of whether the $5,000 was a payment on account, as Printronic claims, or a payment, like the $13,000 advance, to be held in escrow, as Family Media

contends. In such circumstances, it was error to grant summary judgment on said causes of action. Concur—Murphy, P. J., Sandler, Sullivan, Asch and Milonas, JJ.