OPINION OF THE COURT
Edward J. Greenfield, J.
Defendants, Willcox Incorporated (Willcox) and Willis T. King, Jr. (King), move for an order pursuant to CPLR 3212 (e), granting partial summary judgment in their favor by dismissing plaintiffs’ second and fourth causes of action for the intentional infliction of emotional distress and loss of consortium, respectively, and striking the demand for an award of punitive damages. Defendants further seek an order in limine precluding plaintiffs from introducing evidence of alleged misconduct of defendant King toward other female Willcox employees upon the jury trial of this matter.
Plaintiff, Denise Collins (Collins), and her husband, Ronald Collins, commenced this action against Willcox, her former employer and King. From September 28, 1987 to March 28, 1988, Collins was employed as the executive secretary to King who was chairman of the board and chief executive officer of Willcox. Collins alleges that she was subjected to repeated advances of a sexual nature by King despite her continued refusal to expand their relationship beyond a professional one. *56 Eventually, Collins instituted the present action against Will-cox and King seeking compensatory and punitive damages based upon three causes of action. The first cause of action alleges sexual harassment under Executive Law § 296. The second cause of action asserts the intentional infliction of emotional distress. The third cause of action claims a battery against Collins by King. The fourth cause of action, which is asserted on behalf of Ronald Collins, alleges a claim for loss of consortium. Essentially, Collins asserts that, from early December 1987 until her "termination” of employment at Will-cox, she was subjected to unwanted touching and advances of a sexual nature by King and that, notwithstanding her resignation, she was in reality terminated by Willcox because of her resistance to such advances by King. King denies that he ever made any sexual advances toward Collins and except for admitting that he shook Collins’ hand on December 7, 1987 in a gesture of professional thanks and reached out to her face as a concerned gesture because she appeared depressed, he denies that any of the alleged incidents she described in her complaint ever took place.
Defendants seek, by this motion, dismissal of the claims for intentional infliction of emotional distress and loss of consortium because the proof proffered by plaintiffs on each of these claims fails to meet the legal standard for recovery. Defendants concede the existence of issues of fact related to plaintiffs’ other claims for sexual harassment and battery. However, defendants claim that even accepting all of plaintiffs’ allegations as true for purposes of this motion, as contained in the complaint and developed in discovery, the two causes of action for intentional infliction of emotional distress and loss of consortium are, as a matter of law, without merit and must be dismissed.
The Court of Appeals has adopted the formulation of the Restatement (Second) of Torts as to the standard for establishing a cause of action for intentional infliction of emotional distress in Fischer v Maloney (43 NY2d 553 [1978]). Such standard provides that "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress.” It was further noted that for such cause to be actionable upon which liability can be found, the conduct has to be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized *57 community. (See also, Murphy v American Home Prods. Corp., 58 NY2d 293 [1983].) Defendants argue that plaintiffs’ allegations do not describe conduct sufficiently outrageous or extreme to make out a case of intentional infliction of emotional distress. While defendants are correct that tort liability is not meant to provide a remedy for all conduct that may be annoying (see, Freihofer v Hearst Corp., 65 NY2d 135 [1985]; Leibowitz v Bank Leumi Trust Co., 152 AD2d 169 [2d Dept 1989]), sexual harassment can give rise to a claim for intentional infliction of emotional distress (see, O’Reilly v Executone, 121 AD2d 772 [3d Dept 1986]; Roster v Chase Manhattan Bank, 609 F Supp 1191 [SD NY 1985]). King’s alleged conduct was not isolated instances of indiscretions and annoyances, but rather, based upon plaintiffs’ allegations, a pattern of behavior that continually put Collins in embarrassing, humiliating and demeaning positions despite her repeated and adamant protests. Although each individual act allegedly attributable to King is probably not actionable, except as to a specific claim for sexual harassment or even a technical battery, when aggregated over time, the continuous nature of the conduct may make it sufficiently outrageous that a jury could reasonably find in plaintiffs’ favor on the emotional distress allegation. (See, Nader v General Motors Corp., 25 NY2d 560 [1970].) The allegations of unwanted sexual advances motivated by amorous or affectionate feelings might on their face, as defendants assert, only constitute annoying behavior but not outrageous reckless or intolerable conduct. However, such "courting” might well rise to the level of outrageous when directed at a married person in an attempt to induce violation of a person’s marital vows and trust. Thus, a determination as to whether particular conduct is sufficiently outrageous, atrocious or intolerable to make a claim for intentional infliction of emotional distress must be left to the jury in any given case. The alleged behavior of King as conduct directed at a married woman may well be viewed, since it is clear he was aware of her marital state, as sufficiently extreme, outrageous and beyond the bounds of what would be tolerated by civilized society to support plaintiffs’ claim for intentional infliction of emotional distress and likewise, provide no grounds for dismissal of the second cause of action.
Accordingly, that branch of defendant’s motion seeking dismissal of the second cause of action is denied.
The fourth cause of action in the complaint sets forth a claim on behalf of Ronald Collins for loss of consortium. The *58 basis of his claim is that as a result of the purported "severe emotional distress” suffered by his wife Denise from King’s alleged sexual harassment, he was deprived of the "society and companionship of his wife and his comfort and happiness has consequently been impaired.” Defendants contend that Donald Collins’ claim for loss of consortium is legally insufficient because Denise Collins did not suffer any physical injury, but only alleged emotional distress.
Defendants offer the line of New York authority that a recovery for loss of consortium should be permitted for wrongs to the marital relationship through the physical injury of either spouse (Millington v Southeastern El. Co., 22 NY2d 498 [1968]). That loss of consortium damages must be predicated upon a physical injury to one spouse is reflected in the Restatement (Second) Torts § 693 (1) which provides that: "[o]ne who by reason of his tortious conduct is liable to one spouse for illness or other bodily harm is subject to liability to the other spouse for the resulting loss of the society and services of the first spouse” (emphasis added). In Groat v Town Bd. (100 Misc 2d 326 [Sup Ct, Schenectady County 1979]), a spouse’s derivative claim for lost services, society and companionship was dismissed in that there appeared to be "no authority for permitting same where the harm complained of did not result in physical injury to the spouse or physical confinement away from the spouse.” (100 Misc 2d, at 330; accord, Tedeschi v Smith Barney, Harris Upham & Co., 548 F Supp 1172 [SD NY 1982].) In the absence of a physical injury claim, the spouse claiming loss of consortium is merely alleging that the other spouse did not continue to provide certain services, and the defendant is placed in the impossible position of deciphering the intricacies and intimacies of a marriage. The physical injury corroborates the claim of lost services.
The rule under Groat (supra) is fully consistent with the reluctance in New York to permit recovery for mental pain and suffering where there is no physical injury (see, Tebbutt v Virostek, 65 NY2d 931 [1985]; Howard v Lecher, 42 NY2d 109 [1977]). Such damages are inherently speculative and require a guarantee of genuineness to demonstrate that such claim is not spurious or feigned. There is no physical injury in this case, serious or otherwise.
Accordingly, there being no such allegation of physical injury in the complaint, the fourth cause of action is insufficient as a matter of law and partial summary judgment is granted dismissing same.
*59 Plaintiff Collins seeks an award of punitive damages against defendants in connection with her claims for sexual harassment, battery and intentional infliction of emotional harm.
With respect to Collins’ sexual harassment claim, punitive damages are not available in an action, as here, instituted pursuant to Executive Law § 296, and accordingly, is deemed stricken as to the claim for sexual harassment. (See, Thoreson v Penthouse Intl., 179 AD2d 29 [1st Dept 1992].)
With regard to the remaining causes of action for battery and intentional infliction of emotional distress, defendants’ application to strike the request for punitive damages is denied as to these claims. Punitive damages are recoverable in all actions based upon tortious acts which involve ingredients of malice, fraud, oppression, insult, wanton or reckless disregard of one’s rights, or other circumstances of aggravation, as a punishment of the defendant and admonition to others. (See, Le Mistral v Columbia Broadcasting Sys., 61 AD2d 491 [1st Dept 1978]; see also, Walker v Sheldon, 10 NY2d 401 [1961].) It is well settled that the determination whether to award punitive damages lies in the discretion of the trier of the facts. (Laurie Marie M. v Jeffrey T. M., 159 AD2d 52 [2d Dept 1990]; see also, Nardelli v Stamberg, 44 NY2d 500 [1978].)
Accordingly, the court strikes the demand for punitive damages solely on the plaintiffs’ sexual harassment claim.
The remainder of defendants’ motion which seeks an order in limine excluding the introduction of evidence of other alleged misconduct by King toward other former Willcox employees at the trial of this action is denied without prejudice to renewal upon the specific objection by counsel to the court at the trial.
In accordance with the foregoing, defendants’ motion is disposed of solely to the extent of granting partial summary judgment to defendants by dismissing the fourth cause of action of the complaint and striking plaintiffs’ demand for punitive damages as it relates only to the claim for sexual harassment.