■ ELIZABETH S. JAFFE, Respondent, v NATIONAL LEAGUE FOR NURSING et al., Appellants. [635 NYS2d 9] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered December 16, 1994, which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, the motion is granted with respect to the first cause of action, alleging intentional infliction of emotional distress, and otherwise affirmed, without costs.

This is a case of alleged employee harassment and intimidation, leading to forced resignation. While we reject the notion that the Workers' Compensation Law provides an exclusive remedy for such intentional torts (*Thompson v Maimonides Med. Ctr.*, 86 AD2d 867, 868; *see, Orzechowski v Warner-Lambert Co.*, 92 AD2d 110, 112), the facts fall short of the rigorous standard of outrageous conduct necessary to maintain a cause of action for intentional infliction of emotional distress (*see, Howell v New York Post Co.*, 81 NY2d 115, 121-122). The general rule is that an employee at will may be discharged "at any time for any reason or even for no reason" (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 300), and courts will closely scrutinize complaints which seek to circumvent this rule with allegations of intentional infliction of emotional distress (58 NY2d, *supra*, at 303; *Ranieri v Lawlor*, 211 AD2d 601; *Hurwitch v Kercull*, 182 AD2d 1013, 1014-1015).

We agree, however, that the allegation of "a hard slap on [plaintiff's] backside," during an outburst of rage by the individual defendant, met the criteria of offensive and intentional bodily contact (*Masters v Becker*, 22 AD2d 118, 120) in stating a cause of action for assault and battery. Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.