■ FRANK PATTERSON et al., Respondents, v TANVEER KHAN et al., Appellants, et al., Defendants. [659 NYS2d 90] —In an action to recover damages for personal injuries, etc., the defendants Tanveer Khan and Zeba Khan d/b/a "7 Eleven Food Store" appeal (1) from so much of an order of the Supreme Court, Nassau County (Ain, J.), dated July 30, 1996, as denied their motion for summary judgment dismissing the plaintiffs' claims based on respondeat superior insofar as asserted against them, and (2) as limited by their brief, from so much of an order of the same court, dated December 20, 1996, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated July 30, 1996, is dismissed, without costs or disbursements, as that order was superseded by the order dated December 20, 1996, made upon reargument, and it is further;

Ordered that the order dated December 20, 1996, is affirmed insofar as appealed from, without costs or disbursements.

The determination of whether a particular act was within the scope of a servant's employment is so heavily dependent on factual considerations that the question is ordinarily one for the jury *(see, Riviello v Waldron,* 47 NY2d 297). Intentional torts as well as negligent acts may fall within the scope of employment. In either situation, the employer need not have foreseen the precise act or the exact manner of injury as long

as the general type of conduct may have been reasonably expected *(see, Riviello v Waldron, supra; Savarese v City of N. Y. Hous. Auth.,* 172 AD2d 506; *Young Bai Choi v D & D Novelties,* 157 AD2d 777; *Quadrozzi v Norcem, Inc.,* 125 AD2d 559). We agree with the Supreme Court that a question of fact remains as to whether the defendant Mohammed Khan's alleged assault on the plaintiffs occurred while he was acting in the scope of his employment with the appellants *(see, Young Bai Choi v D & D Novelties, supra).* Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.