■ DAVID C. WALENTAS, Appellant, v CARL JOHNES et al., Respondents. [683 NYS2d 56] —Order and judgment (one paper), Supreme Court, New York County (Louise Gruner Gans, J.), entered December 2, 1997, which, *inter alia*, granted plaintiff's claim for rent increases for seven of the ten years for which sought, and which granted defendant Carl Johnes judgment against plaintiff in the amount of $7,835.02 on his counterclaim for breach of warranty of habitability and $37,020 on his counterclaims of abuse of process, retaliatory eviction, and intentional infliction of mental and emotional distress, and which awarded defendant Carl Johnes, as the prevailing party, judgment against plaintiff for the reasonable amount of attorney's fees and referred that issue to a Special Referee to hear and report with recommendations, unanimously modified, on the law, to the extent of awarding plaintiff rent increases for all ten years claimed, dismissing the counterclaims for abuse of process, retaliatory eviction, and intentional infliction of mental and emotional distress and vacating judgment therefor, and vacating the award of attorney's fees, and remanding the matter to Supreme Court for determination of the amount of rent arrears and, except as so modified, affirmed, without costs. Appeal from order, same court and Justice,

entered on or about March 19, 1998, unanimously dismissed, without costs, in view of the foregoing.

The history of this litigation, involving several different proceedings, extends back to 1982. In January 1987, this Court held that the status of defendant Carl Johnes (defendant) as tenant of the apartment leased to his brother, Stephen Johnes, but never occupied by him, had been resolved in one of the actions, in which defendant sought a *Yellowstone* injunction (126 AD2d 417). The appeal now before us concerns the amount of rent due for the period from March 1986 to present, during which defendant continued to pay rent at the legal amount established for the year ending February 1986.

Supreme Court awarded plaintiff the maximum allowable rent increases for all years except 1990, 1992 and 1993, finding service of the requisite notice of maximum collectible rent insufficiently documented for these years. However, the record contains the master building rent schedule for 1992, which includes certification that service was made on all tenants. Furthermore, plaintiff offered uncontroverted evidence of his practice of distributing the notices, and such evidence is admissible to demonstrate compliance on the occasions specified (*Halloran v Virginia Chems.*, 41 NY2d 386, 391). Finally, defendant never affirmatively denied receipt of the notices. Therefore, we find that plaintiff is entitled to rent increases for all years for which rent arrears are sought.

While we discern no reason to disturb Supreme Court's abatement of rent, we find no merit to the remainder of defendant's counterclaims. Intentional infliction of emotional distress requires extreme and outrageous conduct, intended to cause, and resulting in, severe emotional distress (*Howell v New York Post Co.*, 81 NY2d 115, 121). Commencement of litigation, even if alleged to be for the purpose of harassment and intimidation, is insufficient to support such a claim (*see, Fischer v Maloney*, 43 NY2d 553 [defamation action]; *Artzt v Greenburger*, 161 AD2d 389 [nonprimary residence action]). The plaintiff is required to establish that severe emotional distress was suffered (*Richard L. v Armon*, 144 AD2d 1), which must be supported by medical evidence, not the mere recitation of speculative claims (*Leone v Leewood Serv. Sta.*, 212 AD2d 669, 672, *lv denied* 86 NY2d 709). Examined in the context of often-contentious landlord-tenant proceedings, plaintiff's conduct falls far short of conduct " ' "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" ' " (*Howell v New York Post Co.*, 81 NY2d, *supra*, at 122).

To sustain a cause of action for abuse of process, the plaintiff must demonstrate "the deliberate premeditated infliction of economic injury without economic or social excuse or justification" (*Board of Educ. v Farmingdale Classroom Teachers' Assn.*, 38 NY2d 397, 405). Commencement of an action, even with malicious intent, is insufficient (*Curiano v Suozzi*, 63 NY2d 113, 116-117; *Family Media v Printronic Corp.*, 140 AD2d 151, 152). In addition, the process employed must entail some " 'unlawful interference with one's person or property' " (*Curiano v Suozzi, supra*, at 116, quoting *Williams v Williams*, 23 NY2d 592, 596). We note that defendant's right to assume his brother's tenancy was hardly free from doubt, and this litigation therefore possessed a valid legal basis. Finally, no specific, quantifiable damages were demonstrated to be attributable to this or any other tort advanced as the basis of a counterclaim by defendant.

Similarly, with respect to the counterclaim for retaliatory eviction pursuant to Real Property Law § 223-b, we note that the various actions commenced by plaintiff each had a sound legal foundation. For example, in 1982, plaintiff commenced a holdover proceeding alleging violation of a lease provision prohibiting roommates. We note that this action preceded the enactment of the Omnibus Housing Act (L 1983, ch 403, § 39 [eff June 30, 1983 (L 1983, ch 403, § 64)]) construing any rental agreement to permit occupancy by "one additional occupant" (Real Property Law § 235-f [3]), and it cannot be said that the proceeding was so completely devoid of merit as to be undeniably attributable to retaliatory motive.

In view of plaintiff's recovery of rent arrears and our dismissal of those counterclaims sounding in tort, the award of attorney's fees to defendant cannot stand. Real Property Law § 234 affords the tenant a reciprocal right to attorney's fees where the lease contains a provision entitling the landlord to their recovery. However, to support such an award, the judgment must be substantially favorable to the tenant (*Lynch v Leibman*, 177 AD2d 453). In this Court's view, neither party can claim to have prevailed in this litigation, just as neither can claim to have been merely the hapless victim of the other's combative litigation style. Concur—Nardelli, J. P., Rubin, Tom and Mazzarelli, JJ.