Donald M. PEPE and Delaviz Pepe, Plaintiffs,

v.

Dr. Daniel MAKLANSKY, Dr. Gerald Kurzban, Dr. Barry Bersen, Dr. Burton Cohen, Dr. Howard Guinther, Dr. Alan Hyman, Dr. G. Zimmer, and Maklansky & Associates, Defendants.

No. 97 Civ. 5778(RMB).

United States District Court, S.D. New York.

July 13, 1999.

Suzanne M. Halbardier, Barr, McTiernan & Moore, New York, NY, for Defendants.

## ORDER

BERMAN, District Judge.

### I. *Introduction*

Defendants, Dr. Daniel Maklansky, Dr. Gerald Kurzban, Dr. Barry Bersen, Dr. Burton Cohen, Dr. Howard Guinther, Dr. Alan Hyman, Dr. G. Zimmer, and Maklansky, Grunther, Kurzban, Cohen, Zimmer, Hyman & Berson, M.D., P.C. ("Maklansky P.C.") have filed a motion in limine seeking an order to dismiss Plaintiffs' claims for intentional infliction of emotional distress and punitive damages against all Defendants, as well as all of Plaintiffs' claims against the corporate defendant Maklansky P.C. Plaintiffs have opposed the motion.

**For the reasons set forth below, Defendants' motion is granted in part and denied in part.**

## II. *Discussion*

### A. Intentional Infliction of Emotional Distress

 The tort of intentional infliction of emotional distress has four elements: (i) extreme and outrageous conduct; (ii) intent to cause severe emotional distress; (iii) a causal connection between the conduct and the injury; and (iv) severe emotional distress. *See Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir.1996); *Howell v. New York Post Company*, 81 N.Y.2d 115, 596 N.Y.S.2d 350, 612 N.E.2d 699, 702 (1993). Here, Defendants argue that plaintiff Donald M. Pepe's claim for intentional infliction of emotional distress should be dismissed because "Dr. Kurzban's conduct, even if considered true for the purposes of this motion, is not so atrocious or deplorable as to give rise to a cause of action for intentional infliction of emotional distress." (Def.Br., p. 4). The Court agrees.

The United States Court of Appeals for the Second Circuit has observed that "New York sets a high threshold for conduct that is 'extreme and outrageous' enough to constitute intentional infliction of emotional distress." *Bender*, 78 F.3d at 790 (citations omitted). *See also Howell*, 596 N.Y.S.2d 350, 612 N.E.2d at 702 (" '[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' ") (citation omitted); *Ponticelli v. Zurich American Insurance Group*, 16 F.Supp.2d 414, 440 (S.D.N.Y.1998) ("[t]he standard for extreme and outrageous conduct is extremely difficult to satisfy"); *Perry v. Burger King Corp.*, 924 F.Supp. 548, 553 (S.D.N.Y.

1996) ("[t]his standard is extraordinarily strict ..."). In *Howell*, the New York Court of Appeals stated that "[i]ndeed, of the intentional infliction of emotional distress claims considered by this Court, **every one has failed** because the alleged conduct was not sufficiently outrageous ." *Howell*, 596 N.Y.S.2d 350, 612 N.E.2d at 702 (emphasis added).

 In cases with facts analogous to those presented in the instant action, courts have ruled that the conduct at issue did not satisfy the element of "extreme and outrageous conduct." For example, a New York appellate court found that while " 'a hard slap on [plaintiff's] backside,' during an outburst of rage by the individual defendant" stated a cause of action for assault and battery, it fell short of "the rigorous standard of outrageous conduct necessary to maintain a cause of action for intentional infliction of emotional distress." *Jaffe v. National League for Nursing*, 222 A.D.2d 233, 635 N.Y.S.2d 9, 10 (N.Y.App. Div.1995). In another case, the court found that pushing plaintiff into a filing cabinet did not rise to the level of extreme and outrageous conduct. *Ponticelli*, 16 F.Supp.2d at 441. Thus, Dr. Kurzban's conduct, even as alleged by Plaintiffs, does not rise to the level of extreme and outrageous conduct.[1]

### B. Punitive Damages

 Defendants contend that even assuming Plaintiffs' allegations are true, the claim for punitive damages should be dismissed because Dr. Kurzban's "conduct was not gross or wanton or malicious." (Def.Br., p. 5). The Second Circuit has stated that, "[i]t is generally recognized that, in cases of personal torts, 'vindictive actions,' such as assault and battery ... where the elements of fraud, malice, gross

---

1. Plaintiffs' claim for intentional infliction of emotional distress may be dismissed for another reason as well. "The plaintiff is required to establish that severe emotional distress was suffered ..., which must be supported by medical evidence, not the mere recitation of speculative claims." *Walentas v. Johnes*, 257 A.D.2d 352, 683

N.Y.S.2d 56, 58 (N.Y.App.Div.1999). *See also Christenson v. Gutman*, 249 A.D.2d 805, 671 N.Y.S.2d 835, 839 (1998) ("plaintiffs' failure to submit medical evidence or the need to seek medical attention resulted in conclusory or speculative allegations that were properly dismissed on summary judgment"); *Klinge v. Ithaca College*, 235 A.D.2d

negligence, cruelty, or oppression are involved, punitive or exemplary damages may be recovered." *Walsh v. Segale*, 70 F.2d 698, 699 (2d Cir.1934). Punitive damages have "been awarded and upheld in cases involving intentional torts ..." *Laurie Marie M. v. Jeffrey T.M.*, 159 A.D.2d 52, 559 N.Y.S.2d 336, 340 (1990), *aff'd*, 77 N.Y.2d 981, 571 N.Y.S.2d 907, 575 N.E.2d 393 (1991).[2] "Thus, assaults by an employer against an employee ..., by store employees against a customer ..., and by police officers against civilians in civil rights actions brought pursuant to 42 U.S.C. § 1983 ..., have been held to merit punitive damages." *Id.* (citations omitted). Furthermore, "[i]t is well settled that the determination whether to award punitive damages lies in the discretion of the trier of the facts." *Collins v. Willcox Inc.*, 158 Misc.2d 54, 600 N.Y.S.2d 884, 887 (Sup.Ct. 1992). Without commenting on the merits of Plaintiffs' claims, the Court believes that the issue of whether to award punitive damages should be left to the jury to determine.

### C. Claim Against Maklansky P.C.

■ Assuming, *arguendo*, that Plaintiffs' allegations are true, Defendants assert that Plaintiffs' claim against the corporate defendant, Maklansky P.C., should be dismissed because Dr. Kurzban's conduct was not "within the scope of his employment sufficient to render the employer liable under the doctrine of respondeat superior ..." (Def.Br., p. 6). The New York Court of Appeals has made clear that

"because the determination of whether a particular act was within the scope of the servant's employment is so heavily dependent on factual considerations, the question is ordinarily one for the jury." *Riviello v. Waldron*, 47 N.Y.2d 297, 418 N.Y.S.2d 300, 391 N.E.2d 1278, 1281 (1979). *See also Kingsley v. Leija*, 260 A.D.2d 761, 687 N.Y.S.2d 795, 796 (1999) ("[s]ince the question of whether an employee is acting within the scope of employment so heavily depends upon consideration of numerous factors, the resolution thereof is typically relegated to a jury"); *Patterson v. Khan*, 240 A.D.2d 644, 659 N.Y.S.2d 90, 91 (1997) ("determination of whether a particular act was within the scope of a servant's employment is so heavily dependent on factual considerations that the question is ordinarily one for the jury"); *Gallose v. Long Island Railroad Company*, 878 F.2d 80, 84 (2d Cir.1989) ("[n]ormally, whether an employee is acting within the scope of employment is a question 'to be resolved by the jury from all the surrounding circumstances' ") (citation omitted). The Court believes that this issue is best handled through an interrogatory to the jury contained in the Verdict Sheet.

**Accordingly, counsel are directed to submit to the Court, on or before July 16, 1999 at 12:00 p.m. (noon), a jointly prepared Verdict Sheet that addresses (via interrogatory) the issue of whether or not Dr. Kurzban was acting within the scope of his employment. Counsel should also include with their submis-**

---

724, 652 N.Y.S.2d 377, 380 (N.Y.App.Div. 1997) (claim for intentional infliction of emotional distress dismissed because "plaintiffs failed to introduce any proof, besides their bald assertions, of emotional distress; notably plaintiff admits that he has not received any treatment for his alleged distress").

Here, based on the pre-trial submissions including without limitation the Joint Consolidated Pre-trial Order dated June 22, 1999, Plaintiffs do not intend to present medical evidence at trial to support Donald M. Pepe's bald assertion that he suffered severe emotional distress. In fact, in their brief in op-

position to Defendants' motion, Plaintiffs concede that Donald M. Pepe "did not seek psychiatric or psychological counseling ..." (Pl.Br., p. 6). Consequently, plaintiff Donald M. Pepe's claim for intentional infliction of emotional distress may be dismissed. *See, e.g., Walentas*, 683 N.Y.S.2d at 58; *Christenson*, 671 N.Y.S.2d at 839; *Klinge*, 652 N.Y.S.2d at 380.

**2.** In *Laurie Marie M.*, the Appellate Division also noted that the New York Court of Appeals has held that punitive damages "may be allowed in the case of a private wrong ..." *Id.* at 340.

sion a joint jury charge on scope of employment.

### III. *Conclusion*

Accordingly, as more fully set forth and subject to the above, Defendants' motion to:

 (i) dismiss Plaintiffs' claim for intentional infliction of emotional distress is granted;

 (ii) dismiss Plaintiffs' claim for punitive damages is denied; and

 (iii) dismiss Plaintiffs' claim against Maklansky P.C. is denied.