■ ANNETTE LOPEZ, as Administrator of the Estate of ELIZABETH GONZALES, Deceased, Respondent, v CYNTHIA TARANA et al., Appellants. (Action No. 1.) CATHERINE RUBINO, Respondent, v CYNTHIA TARANA et al. Appellants. (Action No. 2.) KARA KISSANE, Respondent, v CYNTHIA TARANA et al., Appellants. (Action No. 3.) CATHERINE RUBINO, Respondent, v DENISE LABARBERA, Also Known as DENISE WILLIAMS, Appellant. (Action No. 4.) [704 NYS2d 629] —In three related actions to recover damages for wrongful death and personal injuries which were joined for trial, the defendants Cynthia Tarana, C & H Pizza Corp. d/b/a Carlo's Pizza Oven, and Denise LaBarbera, a/k/a Denise Williams, separately appeal from a judgment of the Supreme Court, Kings County (Douglass, J.), entered November 25, 1998, which, upon a jury verdict, is (1) in favor of the plaintiff Annette Lopez and against them in the principal sum of $826,048, (2) in favor of the plaintiff Kara Kissane and against them in the principal sum of $200,000, and (3) in favor of the plaintiff Catherine Rubino and against the defendants Cynthia Tarana and C & H Pizza Corp. d/b/a Carlo's Pizza Oven in the principal sum of $90,000.

Ordered that the appeal by Denise LaBarbera, a/k/a Denise Williams, from so much of the judgment as is in favor of the plaintiff Catherine Rubino and against the defendants Cynthia Tarana and C & H Pizza Corp. d/b/a Carlo's Pizza Oven is dismissed, as she is not aggrieved by that part of the judgment; and it is further,

Ordered that the judgment is reversed, on the law, so much of the complaint in Action No. 1 as sought damages on behalf of Annette Lopez personally is dismissed, and a new trial is granted on the remaining causes of action in the complaints, with costs to abide the event.

A car driven by Elizabeth Gonzales was struck by a car driven by the appellant Cynthia Tarana, who was intoxicated. Tarana, then 20 years old, was employed at the appellant C & H Pizza Corp. d/b/a Carlo's Pizza Oven (hereinafter Carlo's), a pizzeria. At the time of the accident, she had just left Carlo's, after having spent the evening there hanging Christmas decorations and drinking champagne. Tarana's passengers were two other employees of Carlo's, the respondents Kara Kissane and Cynthia Rubino, both of whom also had been drinking champagne while decorating Carlo's.

The evening of decorating had been organized by their supervisor at Carlo's, the appellant Denise LaBarbera, a/k/a Denise Williams, who is the daughter of the founder of Carlo's. Carlo's is an incorporated family business, and LaBarbera was

both an employee of Carlo's and an officer of C & H Pizza Corp. LaBarbera asked or instructed the young women to attend the decorating session, and told them that there would be champagne. LaBarbera had socialized with all three on other occasions, and the gathering was at least partly social in character. All the decorating activity took place after Carlo's closed, and none of the employees were being paid for decorating.

After the accident, in which Gonzales was killed and Rubino and Kissane were injured, Tarana pleaded guilty to vehicular manslaughter and manslaughter in the second degree. A trial was then held on all liability and damages issues on the separate causes of action brought by the estate of Elizabeth Gonzales and by Kissane and Rubino against Tarana, Carlo's, and LaBarbera. The Supreme Court found that Carlo's and LaBarbera were liable for the violation of the "social host" statute, General Obligations Law § 11-100. The Supreme Court also held Tarana liable to all three plaintiffs as a matter of law for her negligent driving. The jury awarded damages to all three plaintiffs, and judgment was entered upon the verdict.

The appellants allege that the Supreme Court committed several reversible errors. We agree that many of the Supreme Court's rulings were erroneous, and reversal is required.

The Supreme Court improperly determined that LaBarbera was acting within the scope of her employment when she served alcohol to minors. It is well settled that this is a question of fact for the jury (see, Patterson v Khan, 240 AD2d 644). The Supreme Court further failed to recognize that the liability issues could not be determined without more detailed findings of fact as to the capacity in which LaBarbera was acting.

The Supreme Court also erred by failing to include on the verdict sheet the question of the apportionment of fault between Carlo's and Tarana, whose driving while intoxicated was apparently the proximate cause of the accident (see, Adamy v Ziriakus, 92 NY2d 396, 405).

As Annette Lopez offered no proof that she suffered an economic loss as a result of her sister's death, the Supreme Court erred in giving the jury the opportunity to award damages to her. Lopez furnished no documents in discovery to substantiate her claim of damages, and she should be precluded at a new trial from personally seeking damages on any theory.

We reject the contention of Carlo's that the causes of action asserted by Kissane and Rubino are barred by the Workers' Compensation Law. Carlo's failed to include in the record on appeal the papers on its motion for leave to amend its answer to assert the affirmative defense of the Workers' Compensation

Law. We also reject, as contrary to public policy, the contention of Carlo's that the jury should have been given the opportunity to apportion fault under General Obligations Law § 11-100 among Carlo's and Kissane and Rubino (*see, Adamy v Ziriakus, supra,* at 404). Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.