■ DAVID C. WALENTAS, Respondent, v CARL JOHNES, Appellant. [723 NYS2d 365] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered July 7, 1999, as amended by order of the same court, entered November 23, 1999, which, to the extent appealed from as limited by the briefs, recalculated rent arrears due to plaintiff landlord for the years 1990 through 1995, unanimously reversed, on the law and the facts, without costs, to the extent of vacating the IAS court's calculations of said arrears for the years 1990 through 1995. Settle order in accord with this decision, recalculating the total amount of rent arrears due through 1995 to plaintiff from defendant.

We previously found that plaintiff is entitled to rent increases for all 10 years for which rent arrears are sought and remanded the matter to Supreme Court for calculation of the amount of such rent arrears (257 AD2d 352). In calculating the total amount of arrears, the IAS court, in its July 7, 1999 order, correctly noted that this Court had sustained the IAS court's rent abatement award and that the parties had agreed on the monthly rent for 1986 to 1989, totaling $32,267.14. It also correctly held that defendant was entitled to a setoff of $68,555.64 for rent already paid.

In its November 23, 1999 order, the court also correctly noted that the amount of stipulated rent through February 1986 was $32,340.66 and accepted $8,069.18 as the amount of rent abatement calculated by plaintiff and reduced on consent of defendant. However, the court erroneously stated that this Court held that plaintiff was also entitled to a 7½% MCR (maximum collectible rent) increase for the years 1990, 1992 and 1993 and recalculated "the proper monthly rent (at an annual 7½% increase and without any additional fuel surcharges) for the years from 1990 to 1995."

As pointed out by plaintiff, our decision and order did not mandate an automatic MCR annual increase of 7½%; rather, it merely found that "plaintiff is entitled to rent increases for all years for which rent arrears are sought" (at 353). Thus, any recalculation of rent arrears for the years 1990 through 1995 must be done in accordance with the MBR (maximum base rent) provisions of the New York City Rent and Rehabilitation

Law (Administrative Code of City of NY § 26-401 *et seq.*) and the applicable sections of the New York City Rent and Eviction Regulations (9 NYCRR parts 2200-2210). Since the documents relevant to such calculations are in the record, upon settlement of a proposed order, the parties should be able to agree on the correct amounts of rent arrears for the years 1990 through 1995 as calculated in accordance with the aforesaid code and regulations. Concur—Nardelli, J. P., Williams, Mazzarelli, Andrias and Saxe, JJ.