■ EDEN ROC HOTEL, LTD., Appellant, v DAVID D. GILBERT, Respondent. [759 NYS2d 674] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered April 25, 2002, after a nonjury trial, which, inter alia, dismissed plaintiff landlord's claim for retroactive rent increases, declared that under the governing lease defendant tenant is entitled to a rent stabilized renewal lease for the subject apartment at a rent of $249.25 per month, together with lawful rent guideline increase(s), and granted defendant's counterclaim for reasonable attorney's fees as to liability, unanimously affirmed, without costs.

Although plaintiff landlord was directed to offer defendant tenant a rent stabilized renewal lease pursuant to a 1982 order of the Conciliation and Appeals Board upheld on CPLR article 78 review, it has never done so. There was, accordingly, no basis for its claim that it was equitably entitled to retroactive rent increases. This was not a case in which the failure to offer a renewal lease was excusable, thus the inability of the landlord to collect rent increases as a consequence of that failure is not remediable (*cf. Kips Bay Towers Assoc. v Yuceoglu*, 134 AD2d 164 [1987], *lv denied* 71 NY2d 806 [1988]).

Plaintiff landlord was properly found liable for defendant tenant's attorney's fees based on a provision in the governing lease executed by plaintiff's predecessor in interest (*see* Real Property Law § 234; *Walentas v Johnes*, 257 AD2d 352 [1999], *lv dismissed* 93 NY2d 958 [1999]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Lerner, JJ.