44

[909 NYS2d 859]

LGS Realty Partners LLC et al., Respondents, v William Kyle et al., Appellants.

Supreme Court, Appellate Term, First Department, August 30, 2010

**APPEARANCES OF COUNSEL**

*Robin H. Kyle*, New York City, for appellants. *Robert Ehrlich*, New York City, for LGS Realty Partners LLC, respondent.

**OPINION OF THE COURT**

Per Curiam.

Final judgment, entered on or about April 23, 2008, modified to vacate the court's reduction of the warranty of habitability award by one third based upon landlord's purported mitigation of tenants' damages, and the matter remanded to Civil Court for entry of an amended judgment; as modified, affirmed, without costs. Order, dated May 12, 2008, affirmed, with $10 costs.

█ Tenants have extensively litigated the principal issue presented on this appeal—the propriety of the June 20, 2007 so-ordered stipulation (Gerald Lebovits, J.) settling the

amount of attorneys' fees owed to tenants as a result of a prior 2003 nonpayment proceeding and the instant 2006 nonpayment proceeding up to the date of the stipulation— and that issue was resolved against tenants in two separate proceedings (*see Matter of Kyle v Lebovits*, 17 Misc 3d 1124[A], 2007 NY Slip Op 52132[U] [2007], *affd* 58 AD3d 521 [2009], *lv dismissed in part and denied in part* 13 NY3d 765 [2009]; *Kyle v Heiberger & Assoc., P.C.*, 25 Misc 3d 1218[A], 2009 NY Slip Op 52170[U] [2009]). Thus, the doctrine of collateral estoppel bars tenants' relitigation of the validity of that stipulation (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455-456 [1985]).

■ With respect to tenants' claim for attorneys' fees incurred after the execution of the stipulation, we agree that the mixed outcome of this litigation was not "substantially favorable" to either side (*see Pelli v Connors*, 7 AD3d 464 [2004]; *Walentas v Johnes*, 257 AD2d 352, 354 [1999], *appeal dismissed* 93 NY2d 958 [1999]). Although tenants obtained some relief in the 2006 nonpayment proceeding, i.e., an abatement against the amount of rent arrears they owed landlord based on landlord's breach of the warranty of habitability, tenants did not prevail on their central claim in that proceeding, to wit, that the stipulation of settlement should be set aside. Therefore, the trial court providently exercised its discretion in finding that, "under all of the circumstances presented," tenants did not substantially prevail in defending this protracted litigation.

■ We sustain the trial court's award to tenants on their breach of the warranty of habitability claims, covering various breaches over distinct time periods, since the amount of that award is within reasonable limits. However, we vacate the court's determination to reduce the abatement award by one third based upon landlord's purported mitigation of tenants' damages. Landlord's act of offering tenants use of another apartment in the building premises during a portion of the abatement period—an offer, so far as shown, accepted by only one of the three named tenants—did not serve to mitigate tenants' damages stemming from landlord's breach of the warranty of habitability. In this regard, we note that the proper measure of such damages is the difference between the fair market value of the *demised apartment premises* if it had been as warranted and the value of that apartment during the period of the breach (*Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, 329 [1979]).

We have considered tenants' remaining contentions and find them to be without merit.

McKEON, P.J., and HUNTER, JR., J., concur.